MARY E. SACIA, Respondent, *v.* NEAL W. O'CONNOR, Appellant.

An application for a new trial, under the statute, in an action of ejectment, was made on behalf of defendant and one L., who claimed to have derived his interest from B. who, it was alleged, was the landlord under whom defendant was in possession. The right of L. was expressly controverted by the opposing affidavits, and it was also shown that, when the action was ready for trial, defendant withdrew his answer, and judgment was entered by his consent in open court. The application was made by an attorney who was not the attorney of record of defendant, and who had not been substituted in place of the original attorney. The application was denied with leave to renew. *Held*, that as it was at least very uncertain what were the facts, and whether a case was made out within the statute (2 R. S., 309, §§ 36, 37, as amended by chap. 485, Laws of 1862), and as the moving parties had not availed themselves of the permission given to supply the defects, the order should be affirmed.

(Argued December 9, 1879; decided December 16, 1879.)

APPEAL from an order of the General Term of the Superior Court of the city of New York, affirming an order of Special Term, denying a motion for a new trial under the statute (2 R. S., 309) in an action of ejectment.

The facts appear sufficiently in the opinion.

*N. C. Moak*, for appellant. It was not necessary that the application for a new trial should be made by defendant's

attorney of record. (*Eagan* v. *Rooney*, 38 How., 121; Weeks' Law of Attorney, 427, 436; *Thorp* v. *Fowler*, 5 Cow., 446; *Trust* v. *Repoor*, 15 How. Pr., 570; *Cook* v. *Brewster*, 1 Duer, 679.) The judgment record, which shows there was a verdict, is better evidence of what took place on the trial than plaintiff's affidavit. And parol evidence was not admissible to contradict it. (2 Whart. Ev., § 980; 2 Whart. [Pa.] Rep., 470; 7 Wend., 103; 7 Maryland, 194; 82 Penn. St., 71; 73 Ill., 477, 482; 36 Mich., 239, 242.) Under the provisions of law, upon which the motion was made, it was sufficient that the judgment was upon the verdict of a jury. (2 R. S., 309, § 36, as amended by chap. 485, Laws of 1862, p. 977; 2 R. S., 309, § 37, as amended by chap. 292, Laws of 1878, p. 384.) Where the prescribed facts are shown to exist, these provisions of law leave no discretion in the court to deny the motion, or impose terms other than those prescribed by the statute. (*Rogers* v. *Wing*, 5 How. Pr.. 50; 54 id., 113; *Shaw* v. *McMarin*, 2 Hill, 417.)

*Ira D. Warren*, for respondent. The motion should have been made by the attorney of record, or by some one substituted in his place. (2 R. S., 309, § 36, as amended by chap. 485, Laws of 1862, p. 977; 2 R. S., 309, § 37, as amended by chap. 292, Laws of 1878, p. 384.) A judgment rendered by consent of the party in open court does not come within the statute entitling a party absolutely to a new trial. (*Chautauqua Co. Bk.* v. *White*, 23 N. Y., 348; *Large* v. *Rophe*, 1 Duer, 701.) The most that could be said on the part of defendant is, that a verdict or judgment taken by consent was a default. (*Bennet* v. *Couchman*, 48 Barb., 74.) Leave to renew this motion being given it is not appealable. (*Robins* v. *Ferris*, 5 Hun, 286; *King* v. *Platt*, 2 Abb. Ct. App. Cas., 527.)

*Per Curiam.* We think that the papers upon which the application for a new trial in this action is founded do not establish facts which authorize the granting of the motion.

The application is made on the behalf of the defendant and of one Josiah Lockwood. The interest of Lockwood is stated to have been derived from one Byrnes, who, it is alleged, was the landlord of the premises under whom the defendant was in possession. The right of Lockwood is expressly controverted by the opposing affidavit, and it is alleged that Lockwood has no lawful title or claim, and that he is neither heir or assignee of the defendant nor of Byrne.

It is also shown by the affidavit that when the action was ready for trial the defendant withdrew his answer, and judgment was entered by his consent in open court. It is true the judgment record shows that by the direction of the court a verdict was found for the plaintiff. But without contradicting the record, it may be assumed from the affidavit, which is not controverted, that this was done by consent.

It also appears that the application is not made by the attorney of record, but by an attorney who has never been susbtituted in the place of the original attorney. The motion, then, is on behalf of a party whose interest in the premises is at least doubtful, in a case where consent has been given to the judgment, and by an attorney who is not shown to have had any authority. To say the least, it is very uncertain upon the papers what are the actual facts, and whether a case is made out for a new trial, within the statute : (2 R. S., 309, as amended by chap. 485 of the Laws of 1862.)

The defendant, or the party actually interested, had an opportunity to supply these defects by a renewal of the motion, as was authorized by the Special Term. This he has failed to do, and we think the order should be affirmed, with costs.

All concur.

Order affirmed.