Edward Roberts, Appellant, *v.* August Baumgarten et al., Respondents.

A party to an action, may, for a good consideration, waive privileges given him by a statute, and agree upon a mode of trial, which will preclude him from afterward availing himself of rights he might otherwise have. The provision of the Code of Civil Procedure (Subd. 1, § 191, Code Civ. Pro.) prohibiting a review in the Court of Appeals of an order of General Term granting a new trial, except upon a stipulation for judgment absolute in case of an affirmance, includes actions of ejectment.

Upon the trial of an action of ejectment, judgment was awarded upon findings of fact, in favor of the plaintiff, which, upon appeal, was reversed by the General Term and a new trial ordered. Plaintiff appealed to the Court of Appeals, giving the required stipulation, for judgment absolute in case of affirmance. The order was affirmed and judgment absolute duly entered in the court below against plaintiff upon the remittitur. *Held*, that the plaintiff, by the stipulation, waived the right to a new trial given by the Code of Civil Procedure (§§ 1524, 1525) to a

party in such an action against whom a judgment has been rendered; that the judgment here was not based upon the trial of an issue of fact, but solely upon the consent of the party making the stipulation; and that the right of review secured by the stipulation was a sufficient consideration for it.

(Argued April 13, 1891; decided May 5, 1891.)

Appeal from order of the General Term of the Superior Court of the city of New York, made December 1, 1890, which affirmed an order of the Special Term vacating and setting aside an order which vacated judgment awarding possession of certain real property to defendant and granted a new trial.

The facts, so far as material, are stated in the opinion

*Robert Hunter McGrath, Jr.,* for appellant. The only limitation upon the rights of suitors to successive trials in ejectment in this state is found in the provisions of the Code of Civil Procedure relating to actions for the recovery of real property; and the unsuccessful party in such an action is, after the trial of an issue of fact, entitled, as a matter of course, to have the judgment vacated and one new trial awarded. (Code Civ. Pro. §§ 1524, 1525; Adams on Ejectment, 351; *Taylor* v. *Horde,* 1 Burr. 60; *Bates* v. *Stevens,* 23 Wend. 483; *Equator Co.* v. *Hall,* 106 U. S. 87; *Howell* v. *Eldridge,* 21 Wend. 631; *Rogers* v. *Wing,* 5 How. Pr. 50.) The judgment of November 27, 1888, entered in the Superior Court upon the remittitur from the Court of Appeals, is a judgment rendered upon the trial of an issue of fact. (*Bay* v. *Gage,* 36 Barb. 447; *Lang* v. *Ropke,* 1 Duer, 701; *Christy* v. *Bloomingdale,* 18 How. Pr. 12; Code Civ. Pro. § 963; *Phyfe* v. *Masterson,* 13 J. & S. 338.) The provision of the Code of Civil Procedure requiring a stipulation for judgment absolute to be given by the party appealing from an order of the General Term, granting a new trial, does not affect the right to a second trial in ejectment. (Code Civ. Pro. § 191, subd. 1; *Mackay* v. *Lewis,* 73 N. Y. 382; *Krakeler* v. *Thaule,* Id. 608; *Simar* v. *Canaday,* 53 id. 298; *People* v. *Dennison,* 8

Abb. [N. C.] 145.)   If the judgment of November 27, 1888, is not a judgment rendered upon the trial of an issue of fact, then it is not within the provisions of any statute of the state, and the plaintiff, relegated to his common-law rights, is entitled to any number of new trials.   (*E. Co.* v. *Hall*, 106 U. S. 87.)

*Cephas Brainard* for respondent.   No right to a second trial exists in an ejectment case except in a single instance provided by statute.   (*Bay* v. *Gage*, 36 Barb. 448 ; *Towle* v. *De Witt*, 7 Hun, 93 ; *Christie* v. *Bloomingdale*, 18 How. Pr. 12 ; *Lang* v. *People*, 1 Duer, 701.)   The judgment in this action is not a judgment on an issue of fact within the provision of the Code.   (Code Civ. Pro. §§ 1524, 1525 ; *Ingle-hart* v. *T. I. H. Co.*, 109 N. Y. 454 ; Baylies on N. T. 210.) The judgment in this action is conclusive against the plaintiff. (*Cobb* v. *Hatfield*, 46 N. Y. 535 ; *Hitchings* v. *Van Brunt*, 38 id. 335, 341, 345 ; *Hiscock* v. *Harris*, 80 id. 402, 406, 407 ; *Godfrey* v. *Moser*, 66 id. 250 ; *Caswell* v. *Hazard*, 121 id. 491.)   Courts should not extend the right to a second trial beyond the language of the statutes according it.   (*E. Co.* v. *Hall*, 106 U. S. 87 ; *Spence* v. *McGowan*, 53 Tex. 30 ; *Miles* v. *Cauldwell*, 2 Wall. 35 ; Sedgwick & Waite on Titles, §§ 608, 609.)   Plaintiff suggests that he can fall back on some supposed common-law rights and try this action over again. Such a right never existed.   (Sedgwick & Waite on Titles, §§ 24, 26 ; Tidd's Pr. 479 ; *Bates* v. *Stearns*, 23 Wend. 483.)

Ruger, Ch. J.   The plaintiff, by this proceeding, seeks to avail himself of the right to a new trial in an ejectment case conferred by sections 1524 and 1525 of the Code of Civil Procedure.

Those sections substantially provide, first, that, except as otherwise expressly provided, a final judgment in ejectment rendered upon the trial of an issue of fact is conclusive as to the title established in the action upon each party against whom it is rendered and all persons claiming through or under

him. (§ 1525.) " The court at any time within three years after such a judgment is rendered and the judgment-roll is filed, upon the application of the party against whom it was rendered, his heir, devisee or assignee, and upon payment of all costs " and certain specified damages " must make an order vacating the judgment and granting a new trial in the action."

The circumstances under which this motion was made were as follows : On the trial of an ejectment action before the court without a jury, judgment was awarded upon findings of fact, as we assume, in favor of the plaintiff. Upon appeal, however, this judgment was reversed by the General Term and a new trial ordered. The plaintiff then appealed from this order to the Court of Appeals, stipulating that in case the order was affirmed judgment absolute should be rendered against him. The order was affirmed in this court and judgment absolute against the plaintiff was ordered and such judgment was duly entered in the court below in pursuance of the remittitur from this court. The plaintiff now claims that he is, by virtue of the statute referred to, entitled to a new trial as matter of course, he having paid all costs and damages awarded against him by the judgment.

Prior to the Revised Statutes, judgments in ejectment, at common law, were not conclusive evidence of the title to the property involved, and successive actions could be maintained by a plaintiff by the adoption of fictitious allegations in his complaint varying the demise under which the plaintiff made his claim. Such actions could be restrained only by an action in equity, prohibiting the bringing of repeated actions for a cause which had been sufficiently litigated in prior actions. (*Equator Co.* v. *Hall,* 106 U. S. 87.)

The sections of the Code referred were a substantial re-enactment of the provisions of the Revised Statutes, and have continued unchanged in any respect important to notice, from 1828 till the present time.

The Revised Statutes made radical changes in the law governing actions relating to real estate as they had previously existed, and, among other things, provided that judgments ren-

dered upon the trial of questions of fact in actions of ejectment, should be conclusive as to the title adjudicated upon the parties to the action and those claiming under them, except that an unsuccessful party on such trial might have a new trial, if he chose to apply for it, upon payment of the costs and damages awarded by the judgment sought to be vacted. This exception to the general practice was based upon the peculiar importance which the common law attached to actions involving the title to real estate and its reluctance to take land from a party in possession, until after the facts upon which the claim of title was based, where they were disputed, had been passed upon by two juries or other triers of questions of fact.

It has been decided that judgments in such actions rendered upon submitted cases, by default, consent, or upon questions of law, stand upon the same footing in respect to their conclusiveness as adjudications, as those in cases generally. (*Sacia* v. *O'Connor*, 79 N. Y. 260 ; *Christie* v. *Bloomingdale*, 18 How. Pr. 12 ; *Chatauqua County Bank* v. *White*, 23 N. Y. 348.)

As regulated by the Revised Statutes, therefore, a new trial could be had, as matter of course under the statute, only when the judgment sought to be opened was rendered upon questions of fact. The obvious purpose of the statute was to leave such judgments in respect to other conditions, the same as judgments in actions generally.

The judgment sought to be vacated in this case was one which was entered in the Superior Court upon a remittitur from this court ordering judgment absolute in favor of the defendant. This judgment was based upon a stipulation given in pursuance of the statute by the plaintiff agreeing that judgment absolute should be rendered against him in case the judgment appealed from should be affirmed in this court. Such a judgment is in no respect based upon a trial and determination of an issue of fact; but is founded solely upon the consent of the party making the stipulation. It did not, in any respect, depend upon the merits of the controversy as between the parties or the determination of questions of fact originally made by

the trial court, but was founded upon the agreement of the parties that a certain result should follow the decision of this court upon the questions of law presented to it by the record in court. (*Cobb* v. *Hatfield*, 46 N. Y. 535 ; *Hiscock* v. *Harris*, 80 id. 402.)

The plaintiff had the option presented to him by the order of the General Term granting a new trial, to go back and have another trial of the case, or by stipulating that judgment absolute in the case might follow the decision of this court to come here and review the decision of the General Term upon questions of law. The plaintiff had no right of appeal to this court except upon the condition that he would submit the whole controversy upon the result reached in this court. This subjected him to the risk of being defeated in the action by an adverse result in this court upon the special questions submitted to it by the record and he must be deemed to have considered that question and deliberately consented that the judgment ordered by this court should be final in respect to the cause of action stated in the complaint.

There can be no question but that a party has for a consideration the right to waive privileges given him by a statute and agree upon a mode of trial which shall preclude him from afterwards availing himself of rights which he might otherwise have. By giving the stipulation in question the plaintiff secured a right of review which he could not otherwise have had, and there is no reason or justice in permitting him to violate his agreement, because his experiment has not turned out as he expected it would. The statute is explicit that a party cannot review in this court an order of the General Term granting a new trial, except upon the condition that he shall stipulate for judgment absolute in case he does not succeed in obtaining a reversal of the order appealed from (Sub. 3, § 12, Code of Pro. 1848 ; sub. 1, § 191, Code of Civ. Pro.), and to hold that the party who sustains such an order in this court does not secure an absolute judgment, would nullify the express provisions of the statute and deprive the stipulation of the party of any meaning or effect. These provisions

of the Code are general, and no exception has been made in the case of actions of ejectment, and no authority exists for omitting such action from the operation of the rule prescribed by the Code. To hold otherwise would involve the right of the court to disregard the express statutory provisions and establish a broad exception to the operation of a statute which was undoubtedly intended to be general and comprehensive in its requirements.

The order of the court below should, therefore, be affirmed, with costs.

All concur.

Order affirmed.