FOLLETT and BARRETT, JJ., concurred.

Judgment affirmed, with costs.

---

DENNIS MOLONEY, Respondent, *v.* SAMUEL NELSON, Appellant, Impleaded with Others.

*Mortgage to indemnify bail in a criminal action — enforcement of.*

A mortgage, given to indemnify the mortgagee for whatever he should be required to pay by reason of his having become bail for a third party under a criminal charge, is not enforcible, if at all, in an action brought for its foreclosure, where it appears that the mortgagee has paid nothing as bail, although the bail bond may have been forfeited before the commencement of the foreclosure action, and the mortgagee's property may have been thereafter levied upon to satisfy a judgment recovered upon the bail bond.

APPEAL by the defendant, Samuel Nelson, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of

the clerk of the city and county of New York on the 23d day of February, 1893, upon a decision of the court rendered after a trial at the New York Special Term.

The action was brought to foreclose a mortgage executed by the defendant, Samuel Nelson, to the plaintiff, the condition of which was the same as that of the bond, as set forth in the following opinion. The case was tried at Special Term, upon issues raised by the answer of the defendants, Nelson and Adams, and resulted in a judgment of foreclosure and sale.

*J. M. Smith,* for the appellant.

*A. J. Rose,* for the respondent.

VAN BRUNT, P. J.:

It appears that prior to the 16th of October, 1891, one Thomas O'Brien had been indicted by the grand jury of Albany county, and on his arrest had been held to bail to answer such indictment in the sum of $10,000. Various efforts were made to procure bail for said O'Brien, in which benevolent enterprise the defendant seems to have interested himself. And on the 16th of October, 1891, he went to Albany, and thence to the office of the counsel of O'Brien, and was there told that such counsel would get some one to go on the bond with him, and that it was necessary that the gentleman he was to get to sign the bond should be indemnified in such a way as to guarantee the presence of O'Brien, and in case of default, the bond should mature. The defendant at first refused to give such guaranty, but later in the day he appeared and said it was all right and for the counsel to go ahead. Subsequently the plaintiff and the defendant became bail for O'Brien and he was discharged. After such discharge the parties went to the office of O'Brien's counsel, and there the bond and mortgage in suit was drawn up by the defendant Nelson and delivered to the plaintiff.

The condition of this bond was that: "WHEREAS, the said Moloney has signed as one surety a bond or recognizance in the penal sum of ten thousand dollars that Thomas O'Brien shall appear to answer the charge against him in whatever Court it may be prosecuted and shall at all times render himself amenable to the orders and process of the Court, and if convicted shall appear for judgment

and render himself in execution thereof, and which bond or recognizance was entered into this day before Hon. Jacob H. Clute, Albany County Judge, now, therefore, if there shall be no default in the said bond or recognizance so signed by said Moloney, then this obligation to be void otherwise to remain in full force and virtue."

When the case of *The People* v. *O'Brien* was called at the court for trial O'Brien did not appear, and the bail bond given for his appearance, on which Nelson and Moloney, the parties to this action, were sureties, was forfeited, and this action was commenced.

After the commencement of the action a suit was brought on the bail bond and judgment recovered against Nelson and Moloney, which judgment is yet unpaid, the execution thereon having been returned unsatisfied as to the defendant Nelson, and property of Moloney being under levy and advertisement for sale.

Upon these facts the court directed judgment in favor of the plaintiff, and from the judgment entered thereon this appeal is taken.

. Various grounds are urged in support of this appeal — that the contract was one to indemnify the plaintiff and against public policy ; that there was no consideration for the obligation, and, also, that it was error to refuse certain requests.

It seems to us that it is not necessary to consider the question as to whether a contract of indemnity is against public policy in a criminal action or not. It is perfectly apparent that the giving of this bond and mortgage was intended to indemnify Moloney for whatever he should be required to pay by reason of his having become bail for O'Brien. If such was not the contract, then the bond is utterly without consideration, because it is conceded that the plaintiff paid nothing at the time of the execution of the bond. On the contrary, the only person who got any money appears to have been the plaintiff, who got $1,000 for becoming the bail of O'Brien.

The plaintiff, therefore, certainly has no right to recover, as he has paid nothing upon his bail bond, has suffered no damage as yet, and there is nothing in respect to which he is to be indemnified. If, as already stated, this bond and mortgage was not given as an indemnity, then it, was absolutely without consideration.

The result of the decree of foreclosure in this action as against Nelson, shows at a glance that the plaintiff, in the present condition of affairs, can have no right to recover. Suppose that Moloney

receives $10,000 upon the foreclosure of this property and never pays any part of the bail bond — is never required to pay any part of the bail bond, and Nelson is required to pay the whole of it, the result would be that Nelson would be paying $20,000 upon an obligation of $10,000 and Moloney would be $10,000 in pocket.

The mere statement of this proposition shows that the claim advanced upon the part of the plaintiff cannot be maintained.

It is perfectly clear that at the time of the commencement of this action Moloney had no claim whatever. His contract of indemnity had not then been violated, and if there was no contract of indemnity he had no claim, and if he had such contract of indemnity, such contract not having been violated no claim existed.

It seems to be clear, therefore, that the judgment was erroneous and must be reversed, with costs to appellant to abide event.

FOLLETT and BARRETT, JJ., concurred.

Judgment reversed, with costs to appellant to abide event.