(16 Misc. Rep. 474.)
MALONEY v. NELSON et al.

(Supreme Court, Special Term, New York County. April, 1896.)

1. JUDGMENT—RES JUDICATA.
Plaintiff joined with defendant in executing a bail bond, in consideration of which defendant gave plaintiff a bond and mortgage to indemnify plaintiff against loss by reason of any default. The bail bond was forfeited, and an action thereon was brought by the district attorney. While such action was pending, plaintiff sued defendant for foreclosure of the

mortgage. Defendant answered, alleging (1) that plaintiff had not paid any money on the bail bond; and (2) that the agreement between himself and plaintiff, pursuant to which the mortgage was given, was void. A judgment in favor of plaintiff was reversed on the ground that the mortgage had been given to indemnify plaintiff, and no cause of action accrued in his favor until he discharged his liability on the bail bond. Plaintiff appealed to the court of appeals, giving the usual stipulation for judgment absolute against him should such order be affirmed. The court of appeals affirmed the order, and a judgment absolute in favor of derenaant was entered. *Held,* that such judgment was not a bar to another action to foreclose the mortgage brought by plaintiff after paying the amount of the bail bond.

2. APPEAL TO COURT OF APPEALS—STIPULATION FOR JUDGMENT ABSOLUTE.
    A stipulation by appellant on appeal to the court of appeals for a judgment absolute, should the judgment appealed from be affirmed, does not give a judgment rendered thereon any greater effect than such as could be obtained against appellant on a new trial.

3. CONTRACTS—PUBLIC POLICY—INDEMNIFYING BAIL.
    An agreement to indemnify a person who signs a bail bond against loss by reason thereof is not against public policy.

Action by Dennis Maloney against Samuel Nelson and others to foreclose a mortgage. Judgment for plaintiff.

L. Laflin Kellogg and Arthur H. Smith, for plaintiff.
James M. Smith, for defendants.

BEEKMAN, J. The plaintiff and the defendant Nelson, on the 16th day of October, 1891, entered into a recognizance in the sum of $10,000 for the appearance of one Thomas O'Brien, who had been indicted in Albany county for the crime of grand larceny in the first degree. The plaintiff was unwilling to become bail without security, and, for the purpose of overcoming this objection, the defendant Nelson, who was a friend of the prisoner, promised to indemnify the plaintiff, who thereupon united with the defendant in signing the bail bond, and the prisoner was accordingly discharged. Within three hours thereafter, the defendant Nelson executed and delivered to the plaintiff a bond and mortgage in the sum of $10,000 upon certain property situated in the city of New York, in pursuance of the agreement which he had made. The condition of the bond and mortgage was as follows:

"That whereas, the said Maloney has signed as one surety a bond or recognizance in the penal sum of $10,000 that Thomas O'Brien shall appear to answer the charge against him in whatever court it may be prosecuted, and shall at all times render himself amenable to the orders and process of the court, and, if convicted, shall appear for judgment and render himself in execution thereof, and which bond or recognizance was entered into this day, before Hon. Jacob H. Clute, Albany county judge: Now, therefore, if there shall be no default in the said bond or recognizance so signed by said Maloney, then this obligation to be void; otherwise, to remain in full force and virtue."

On the 2d day of November, 1891, O'Brien failed to appear for trial, and the recognizance was declared to be forfeited, and directed to be prosecuted according to law. An action was thereupon commenced by the district attorney of Albany county against the plaintiff and the defendant Nelson upon the recognizance, which terminated in a judgment against them on the 8th day of December, 1891, for the sum of $10,000 damages, and $27.13 costs

and disbursements. The summons in said action was personally served upon the defendants on the 16th day of November, 1891; and on the 21st day of November, 1891, an action was brought by the plaintiff against the defendants for the foreclosure of said mortgage, and a personal judgment for any deficiency upon the accompanying bond. The breach alleged was that O'Brien had failed to appear and answer the charge for which he had been indicted. The defendant Nelson answered, setting up the following defenses: First, that the plaintiff had not paid any part of the sum secured by said recognizance, and that an action (the one above referred to) had been brought by the people of the state of New York against the plaintiff and the defendant, and was then pending, for the recovery of the amount of the bail bond; second, that the agreement entered into between himself and the plaintiff for the indemnification of the latter was void on grounds of public policy, and that the bond and mortgage so given were therefore without any consideration. The issues thus raised were tried on the 25th day of January, 1893, and a decision rendered in favor of the plaintiff, upon which judgment of foreclosure and sale was duly entered. The defendant thereupon appealed to the general term of this court, which reversed the judgment, and ordered a new trial. Maloney v. Nelson, 70 Hun, 202, 24 N. Y. Supp. 147. The ground of the reversal was that the bond and mortgage had been given purely for the indemnification of the plaintiff, and that no cause of action accrued in his favor until he had paid the amount for which he had become liable under the recognizance. In making this disposition of the case, the general term expressly refrained from considering any other question raised by the pleadings. From this order granting a new trial, the plaintiff appealed to the court of appeals, giving the usual stipulation for judgment absolute against him should such order be affirmed. The order was affirmed (Maloney v. Nelson, 144 N. Y. 182, 39 N. E. 82); judgment absolute in favor of the defendant and against the plaintiff was accordingly directed; and the judgment of the court of appeals was duly made the judgment of this court. The opinion shows that the court of appeals rested its decision on precisely the same ground as that taken by the general term. In the meantime, and while this action was pending, executions had been issued against the plaintiff and the defendant Nelson upon the judgment which had been so recovered against them upon the recognizance, which resulted in the collection of the full amount of said judgment, to wit, $10,027.13, out of the property of the plaintiff. Thereupon this action was brought by the plaintiff for the foreclosure of the mortgage; the complaint alleging as a breach of the obligation the failure of the defendant to pay any portion of the amount so paid by the plaintiff under the execution. The defendant Nelson has answered, setting up all of the proceedings which had been taken in the first action in support of a claim that the final judgment therein was res adjudicata between the parties, and a bar to this action. He also defends on the ground that the bond and mortgage were without consideration, and illegal and void, on grounds of public policy.

I do not think that either of these defenses is tenable as a matter of law. The judgment in the first action is not a bar to this, for the reason that the causes of action are not the same. While both are predicated upon the same instrument, the breach alleged as the ground of defendant's liability in each case is quite different. That which was set forth in the first action proceeded upon a misconception of the true nature and legal effect of the instrument, and, as was ultimately decided, was not sufficient to constitute a cause of action. The adjudication was not one which in any way touched the validity of the obligation itself. It was equivalent to a nonsuit. The court refused to determine any of the other questions raised, because the plaintiff had failed at the very threshold of his case to show any breach of condition. The action, then, was in the situation of having been prematurely brought. That was all that the final judgment determined, and the plaintiff was therefore at liberty to bring another action founded upon allegations showing that a breach of the bond, as it had been construed, had subsequently taken place. Marsh v. Masterton, 101 N. Y. 401, 5 N. E. 59; Rose v. Hawley, 141 N. Y. 366, 36 N. E. 335; Converse v. Sickles, 146 N. Y. 200, 40 N. E. 777, and cases there cited and reviewed.

In Rose v. Hawley, supra, the court says:

"Where a party has been defeated in his action by reason of neglect to perform some preliminary act necessary to perfect the cause of action, such as the giving of notice or the like, the judgment is not a bar to another action begun after the cause of action has become perfected by the giving of notice or the performance of the requisite preliminary act, whatever it may be. A party who fails in an action upon a note or other promise, for the reason that it was not due at the time the suit was commenced, may bring another action when the promise matures; and in such case the former judgment, though rendered upon the merits, is no bar; and the same principle applies to the facts in this case. A subsequent action may be brought in such cases in a way to avoid the objection which proved fatal in the first."

The cause of action now set forth rests upon the ground that plaintiff has been actually damnified through the compulsory payment of the whole amount of the recognizance, and that the occasion for the indemnification for which the bond and mortgage were given has arisen. The defendant, however, ingeniously argues that because the plaintiff, in appealing to the court of appeals, gave, as he was compelled by law to do, a stipulation that judgment absolute should pass against him if the order of the general term directing a new trial should be affirmed, he has assented to a final disposition of every controversy that had arisen or could thereafter arise between the parties in respect to the bond and mortgage upon which the action was brought; and he cites, in support of his claim, decisions of the court of appeals which define the effect of judgments rendered upon such stipulations. MacKey v. Lewis, 73 N. Y. 382; Hiscock v. Harris, 80 N. Y. 402.

But it is plain upon an examination of the authorities that the most that the court of appeals has undertaken to decide upon this point is that the defendant is entitled to whatever judgment he could have obtained upon the new trial ordered by the general term. Any other construction than this would be unreasonable, and quite

outside of the terms of the stipulation itself. Surely, it never was intended that the defendant should enjoy any greater advantage by virtue of the stipulation than he could have obtained upon a new trial. Had the plaintiff gone to a new trial, instead of appealing as he did, the only possible result would have been the dismissal of the complaint, on the ground that the plaintiff had failed to allege and prove a breach of the condition of the bond, for the reasons which have been stated and expressed in the decisions of the general term and of the court of appeals. Such a judgment would not have been an adjudication upon the validity of the bond and mortgage, or in respect to any of the other questions raised by the defendant in regard to it. It would have been decisive of the cause of action upon which the plaintiff declared, and to that extent the judgment absolute entered upon the stipulation goes, and, from the nature of the case, it would seem that it could go no further. A different cause of action has now arisen, growing out of facts which did not exist when the first action was brought, and which were in no sense within the issues there raised. The case of Roberts v. Baumgarten, 126 N. Y. 336, 27 N. E. 470, is not antagonistic to this view. In that case the action was in ejectment, and judgment had been rendered in favor of the plaintiff upon the trial of an issue of fact. The judgment was reversed by the general term, and a new trial ordered. The plaintiff appealed from this order, with the usual stipulation. The order was affirmed by the court of appeals, and judgment absolute rendered against the plaintiff; whereupon the plaintiff, having paid the costs and damages awarded against him, obtained an order at special term vacating the judgment and granting a new trial, under sections 1524 and 1525 of the Code of Civil Procedure. The order thus made was subsequently vacated, and from that order an appeal was taken to the general term, which affirmed the action of the court below, and upon appeal to the court of appeals the order of the general term was also affirmed. In that case, however, the new trial was sought, under express statutory provision giving it, in certain cases, as a matter of right. It was not a case where a new action was brought upon different facts or a new cause of action. The cause of action, the pleadings, and the issues were precisely the same, and the whole point of the decision of the court of appeals rests upon a necessary waiver by the plaintiff of his right to a new trial under the statute, by reason of the stipulation for judgment absolute into which he had entered when he appealed to the court of appeals. In other words, it was held that a new trial under the statute was incompatible with the contract into which the plaintiff had entered when he made the stipulation, and that he must be deemed by his own act to have waived or renounced any such right. The case therefore rests upon an entirely different principle from the one at bar, and is not opposed to the views which I have expressed in respect to the effect of the final judgment in the former action between these parties.

While, of course, it is merely obiter, still it may not be amiss to refer to the fact that Judge Peckham, in giving the opinion of the

court in the decision of the appeal taken in the first action between these parties, says (Maloney v. Nelson, 144 N. Y. 188, 39 N. E. 82):

"Upon the whole, we think that, without proof that the plaintiff had paid all or some portion of the amount named in the bail bond, the action to foreclose this mortgage cannot be sustained. The amount that plaintiff may be called upon to pay, and which he does pay, may be recovered back by a future action to foreclose this mortgage."

The only other point which it is necessary for me to consider is in respect to the question now raised as to the validity of the bond and mortgage under the claim made by the defendant that it is void on grounds of public policy. The theory upon which the proposition is advanced is that the object of the recognizance is to secure the attendance of the prisoner when his presence is needed by the state; that the sureties, by reason of the obligations which they have assumed, are under a strong incentive to vigilance in watching his movements and securing his presence in court when required; and that if they are indemnified, and therefore secured against loss, this incentive is removed, and the state is thus deprived of an essential guaranty of performance. There is no decision in this state holding any such proposition as this. Indeed, the books are quite barren of decisions on the question. The same point was raised in the case of Simpson v. Robert, 35 Ga. 180, but was decided adversely to the claim. The question was also discussed at some length by Judge Benedict in the case of U. S. v. Simmons, 47 Fed. 577. There it appeared upon the examination of the sureties offered by the prisoner that he and others had agreed to indemnify them. Upon objection made by the district attorney, the sureties were rejected on this ground, the judge holding that, as the agreement was void on grounds of public policy, the sureties should not be accepted. The cases which he cites, however, upon examination, are hardly sufficient upon which to rest the broad proposition that all agreements to indemnify sureties on undertakings in criminal causes are void. The case of U. S. v. Ryder, 110 U. S. 729, 4 Sup. Ct. 196, which he cites, simply held that the sureties upon the bail bond, upon paying the same after forfeiture, were not subrogated to the rights of the government as against the defendant, on the ground that the satisfaction of the bond is not a discharge of the object for which it was given, and that the obligation of the sureties, so-called, is primary. Not only does this case fail as an authority for the proposition in question, but the court cites Simpson v. Robert, supra, and declares that it is in entire accord with the case of Cripps v. Hartnoll, 4 Best & S. 414, where it was held by the court of exchequer chamber, upon much consideration, that an express contract to indemnify the bail in a criminal case might be sustained, but that no such contract is implied by law. In the case of Herman v. Jeuchner, 15 Q. B. Div. 561, the plaintiff was required to give a bond with a surety for his good behavior. In order to obtain the necessary surety, he deposited with him an amount in money equal to the penalty of the bond. This the court held to be illegal, as it was virtually subversive of the purpose for which the bond was required. In so doing, it distinguished the case of

Cripps v. Hartnoll, supra, on the ground, among others, that there the promise to indemnify was not made by the person for whose appearance the surety was bound. In the case of Jones v. Orchard, 16 C. B. 614, the question is left entirely undecided, the court saying that, while inclined to consider the point well taken, it was unnecessary to decide it.

It will thus be seen that the decisions upon this subject are quite inconclusive. As I have said, the question does not seem to have been passed upon by the courts of this state. This, of itself, should be an answer to the claim. The case is not one presented by novel conditions, and it may well be assumed that the probability of the indemnification of bail would have been considered and prohibited by the legislature if there had seemed to be sufficient reason for such action. It is primarily for the legislature to determine the policy of the state, and the courts are usually reluctant to enter upon this kind of judicial legislation. Hollis v. Theological Seminary, 95 N. Y. 166. In the case cited, Judge Earl says:

"It is difficult to define and limit the power thus to enforce public policy which is not found in the statute law, and it should be exercised only in clear cases, and generally within limits already defined by decisions of acknowledged authority, based upon rules of the common law. There is certainly no occasion for stretching the power so as to apply it to new or doubtful cases in a state where the legislature is in session one-third of the year, and thus competent to indicate the public will as to any line of supposed public policy."

These remarks seem quite appropriate to the case at bar. The legislature has codified the substantive and remedial law in respect to crimes, and, in so doing, has regulated the subject of bail. It has not seen fit to prohibit indemnification in such cases, and, as the act is not in itself immoral or essentially vicious in its operation, the courts will not undertake to supplement a legislative act by pronouncing against that which the legislature, in dealing with the general subject, has not seen fit to prohibit. Indeed, in authorizing the deposit of money by the prisoner in lieu of bail, it has greatly weakened, if not entirely destroyed, the reasoning upon which this claim of public policy has been built up. I am therefore of the opinion that the defense of invalidity raised by the defendant on the ground above stated is untenable. The bond and mortgage having been given upon a valid consideration, and the plaintiff having established a breach of the condition, he is entitled to judgment.

Judgment for plaintiff, with costs.