Van Siclen, J.
The above entitled action is one to determine a claim to real property consisting of beach land at Bayville, Nassau county, exclusive of a certain easterly strip or parcel thereof, title to which was involved in an ejectment action of Town of Oyster Bay v. Stehli, 169 App. Div. 257; 221 N. Y. 515. Plaintiff claims that he is owner in fee of said premises, exclusive of said strip. Defendant denies said ownership and further pleads, as a defense, a prior adjudication in said action of ejectment of Town of Oyster Bay v. Stehli, supra. The plaintiff in the present action, by reply, raises issue as to said defense of prior adjudication and contends that the same relates only and is confined to said strip hereinbefore mentioned and expressly reserved and excluded from the instant action.
Pursuant to an order of this court, heretofore made herein, the issue of res ad judicata has been tried before this court, prior to the trial of other issues. The defendant asserts that, while only a small part of the beach was the precise locus in quo in the former ejectment action, the title to the whole beach, including the locus in quo in the present action, was necessarily *357 implied, involved and determined in the former action in favor of the town of Oyster Bay.
To overcome the burden of establishing the defense of res adjudicata, the defendant upon the present trial put in evidence the complete judgment roll in the former action, which it asserts is not only final and conclusive as to the precise locus in quo therein, but herein, in that a final judgment in an action of ejectment rendered by the Court of Appeals upon a stipulation for judgment absolute, is final and conclusive and is res adjudicata as to all matters which might have been litigated under the pleadings, citing Code Civ. Pro. § 1526; Roberts v. Baumgarten, 126 N. Y. 336; Lang v. Ropke, 1 Duer, 701.
An examination of the judgment roll in the former action discloses that, upon the trial, a verdict was directed for the there defendant, Stehli; from the judgment entered thereon, the plaintiff, town of Oyster Bay, appealed to the Appellate Division, which reversed said judgment and granted a new trial, specifically stating that question of title by adverse possession was not before the court for consideration; from the Appellate Division, the defendant, Stehli, appealed to the Court of Appeals, stipulating, as was necessary, for judgment absolute, and the Court of Appeals affirmed the Appellate Division, without opinion. It is this judgment on which defendant herein relies and which, on the trial hereof, introduced in evidence as a complete defense to plaintiff’s alleged cause of action by way of res adjudicata.
Primarily, the question presented by the affirmance in the Court of Appeals is as to the effect thereof upon the controversy between the parties. Is the controversy as to the entire beach lands at an end, or did it terminate only as to the easterly strip? Certainly, the judgment absolute on appeal could have no greater *358 effect than snch judgment as could be obtained against the appellant on a new trial (Maloney v. Nelson, 16 Misc. Rep. 474), and, although the Court of Appeals affirmed the Appellate Division without opinion, nevertheless, the inference is that the opinion below was adopted. Higgins v. Crichton, 98 N. Y. 626. A careful reading of the evidence introduced upon the trial of the former action discloses that both parties litigated generally, perhaps necessarily so, the entire controversy as to all of the beach, including the question of adverse possession by Stehli on which the trial court ruled against him, though the town of Oyster Bay was confined in particular to the easterly strip thereof, by reason of an outstanding lease by it to one Kimber of the remainder, to which it had no immediate right of possession.
Obviously both parties thoroughly understood their respective positions and rights (see affidavit of Stehli on motion for change of venue, in which he set forth in his affidavit that he is advised by counsel that the judgment in said action may determine the title to all of said beach land [Town of Oyster Bay v. Stehli, 149 App. Div. 957]), and at the end of the trial the defendant Stehli was successful in obtaining a direction of a verdict in his favor, not manifestly by proof of title in him or by the thin and inconsistent claim of adverse possession by him, but on the ground or for the reason of lack of proof of title by and in the there party plaintiff, town of Oyster Bay. After the reversal of the trial court by the Appellate Division and the granting of a new trial, Stehli elected to appeal from the order granting the new trial, in the manner prescribed (Code Civ. Pro. §§ 1318, 190, subd. 2), and thereby took the risk coincident thereto (Foster v. Bookwalter, 152 N. Y. 169; Reed v. McConnell, 133 id. 430), and cannot now resist or complain of the *359 result or effect thereof, and, even though there has been an affirmance without opinion by the Court of Appeals, this court is not prohibited, where the judgment absolute thereon is relied upon as a bar to the instant action, from examining the record in the prior action in order to ascertain what was involved in the prior action and thus determine whether the causes of action are identical. Rose v. Hawley, 133 N. Y. 315.
It will serve no useful purpose to comment at length upon the fictions and artificialities of the common law relative to the action of ejectment which rendered the judgment conclusive, for such would only be fruitless repetition and resolve itself into an endurance marathon or contest; it is sufficient for the need at hand to say that our statutes have freed the action of ejectment therefrom and applied the same rules of law to actions for the recovery of land as it does to other causes of action, and has made the judgment recovered therein conclusive on all points and questions litigated and determined — of titles put in issue and tried, as well as the right of possession — and will bar any subsequent action between the same parties or their privies for the same land. Dawley v. Brown, 79 N. Y. 390; Cagger v. Lansing, 64 id. 417; Skelly v. Jones, 61 App. Div. 173; 23 Cyc. 1329; Code Civ. Pro. §§ 1524, 1526; Roberts v. Baumgarten, 126 N. Y. 336. Under the law as now settled, the defendant herein submits that the conclusiveness of the judgment in the prior action extends to and includes the issues in the present action, for the reason that it could not establish its right to the immediate possession of the strip which formed the actual locus in quo without proving its title to the entire beach; therefore, the title to the entire beach is res adjudicata under the former judgment.
An examination of the authorities seems to establish the rule that the application of the principle of res *360 adjudicata, which is a phase of estoppel by record, depends on the same question or issue, not upon the identical subject matter, so that where the former action involved only part of the property, the title established by the judgment therein is conclusive in a subsequent action concerning another part or remainder of the property coming through the same title. Thorn v. DeBreteuil, 179 N. Y. 64; Doty v. Brown, 4 id. 71; Castle v. Noyes, 14 id. 329; Hudson v. Smith, 39 N. Y. Super. Ct. 461; Aurora City v. West, 7 Wall. (U. S.) 96; Beloit v. Morgan, id. 621, 622; Shearer v. Field, 6 Misc. Rep. 189.
A reading of the record in the former action shows clearly that, upon the trial, both parties introduced in evidence proof, by document or otherwise, comprehensive and complete, in support of their respective claims, of the entire beach and not confined or restricted to the reserved strip, the there locus in quo. The same applies also to the claim of adverse possession by Stehli, which was met by testimony offered in behalf of the town of Oyster Bay, and as to which the trial justice ruled failure to establish any title by adverse title in said Stehli, and, under the authorities, there seems to be no likehood of his being any more successful upon a renewal or revival of the controversy upon that point. Weeks v. Dominy, 161 App. Div. 414; affd., no opinion, 221 N. Y. 512.
Upon this trial, counsel for plaintiff argued at length and, in his brief submitted, strenuously contends that the judgment entered in the former action pursuant to stipulation for judgment absolute did not, under section 1524 or 1526, or both, of the Code of Civil Procedure, establish title but simply made the said judgment effective as to possession of the strip of land, the precise locus in quo in said former action, because it was not a judgment entered after a “ trial of an issue *361 of fact,” and having established no title is not res adjudicata as to a different piece of property, the locus in quo in the present action. This argument and contention, however, are not supported by the authorities, which hold such judgment conclusive on the question of title, even though such judgment be considered a judgment by default. Tax Lien Co. v. Schultze, 213 N. Y. 12; Brown v. Epstein, 166 App. Div. 611.
Finally, it appears that, on the trial of the prior action, the issue involving the title of the whole beach was directly tendered, accepted and tried, without reservation or objection, and, consequently, was concluded by the judgment therein. Roarty v. McDermott, 146 N. Y. 296; Shearer v. Field, supra; 23 Cyc. 1302.
From the foregoing, this court must find that the defendant herein has met the burden of showing clearly that the circumstances are such that plaintiff herein might have recovered in the first action the same relief, or for the same cause alleged, in the second — the instant action, and that the question now before this court was litigated and determined in the former action in favor of the defendant herein. Judgment for defendant directed upon the issue of res adjudicata.
Judgment for defendant.