JENNIE L. CANFIELD, Respondent, *v.* ELMER E. HARRIS & COMPANY, Appellant. (Action No. 2.)

Fourth Department, September 25, 1929.

*Henry Adsit Bull,* for the appellant.

*H. B. Butterfield,* for the respondent.

TAYLOR, J. In January, 1927, plaintiff sued defendant in the Erie County Court to recover rentals for the months of November and December, 1926, and January, 1927, upon the theory that defendant was a tenant of plaintiff's real property, holding over after the expiration of a lease. The trial court directed a verdict for plaintiff. On appeal this court reversed and granted a new trial on the ground that the tenancy question was one of fact instead of law. (*Canfield* v. *Harris & Co.,* 222 App. Div. 326.) Plaintiff appealed to the Court of Appeals, giving a stipulation for judgment absolute in case of affirmance, pursuant to subdivision 2 of section 588 of the Civil Practice Act. The Court of Appeals affirmed. (248 N. Y. 541.) In the instant case the first cause of action stated is one to recover rentals for the same property, and upon the same theory, for the months of February to October, 1927, inclusive. Defendant pleads the judgment of the Court of Appeals in the first action as a bar against recovery on the cause of action mentioned. From an order denying defendant's motion to dismiss this cause of action this appeal is taken.

Can defendant avail itself of the *res adjudicata* doctrine? Undoubtedly, the judgment absolute completely concluded plaintiff as to the particular rentals covered by her complaint. (*Roberts* v. *Baumgarten,* 126 N. Y. 336.) " Judgment absolute " could mean nothing less. But this resulted from plaintiff's agreement to that effect. That was the price she paid for the privilege of

appealing. Neither the factual nor the legal merits of plaintiff's claim were either stipulated or passed on by either appellate court in the first action. There was no adjudication as to defendant's legal liability for rentals, either those falling due before or after February 1, 1927. There were no possible exceptions available to appellant in the Court of Appeals, and no legal questions involved (*Mackay* v. *Lewis*, 73 N. Y. 382, 383), other than the general question passed upon by the Court of Appeals in the judgment absolute. And that judgment was simply an affirmance of the determination of this court that the tenancy question was not one of law, but one for the trier of the facts; that and nothing more.

" Such a judgment [absolute] is in no respect based upon a trial and determination of an issue of fact; but is founded solely upon the consent of the party making the stipulation. It did not, in any respect, depend upon the merits of the controversy as between the parties or the determination of questions of fact originally made by the trial court, but was founded upon the agreement of the parties that a certain result should follow the decision of this court upon the questions of law presented to it by the record in court. (*Cobb* v. *Hatfield*, 46 N. Y. 535; *Hiscock* v. *Harris*, 80 id. 402.)" (*Roberts* v. *Baumgarten, supra.*)

It seems reasonable that when the original predecessor of subdivision 2 of section 588 of the Civil Practice Act was adopted (Laws of 1857, chap. 723), ample justification for its adoption would have rested in a legislative intent that a litigant resorting to it should go no farther than to agree that, upon an affirmance on appeal, he might be adjudicated entirely and permanently unsuccessful in obtaining the relief sought in that particular action. That it was intended that a legal question should also be determined, which would settle controversies subsequently arising, seems unnecessary and unlikely.

The learned trial court did not err in denying the motion made, and the order appealed from should be affirmed, with ten dollars costs and disbursements.

All concur, except CROUCH, J., who dissents and votes for reversal upon the ground that the plaintiff by giving the stipulation for judgment absolute upon the appeal in the first action admitted the whole of the defendant's contention and, therefore, that the prior judgment is *res adjudicata*. Present — CROUCH, TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

Order affirmed, with ten dollars costs and disbursements.