(66 App. Div. 470.)

MILLER et al. v. EDISON ELECTRIC ILLUMINATING CO.

(Supreme Court, Appellate Division, First Department.   December 6, 1901.)

1. NUISANCE—ABATEMENT—INJUNCTION.

Where in an action to restrain the operation of machines and a busi-
ness in such manner as to constitute a nuisance, and for damages, it is
shown that the nuisance existed at the commencement of the action,
but that before the trial such changes had been made in the machinery
and methods of business that it was no longer a nuisance, an injunction
should not be granted.

2. SAME—ENFORCEMENT—IMPRACTICABLE TERMS.

An injunction, the enforcement of which would be practically impos-
sible, such as to restrain the overloading of electrical machinery, where
expert testimony would be required to determine just what "overloading
the machinery" means, should not be granted.

3. SAME—DAMAGES—RIGHT TO RECOVER.

Where at and prior to the commencement of the action defendant so
conducted its business as to constitute a nuisance, to plaintiff's damage,
an action for injunction and damages may be retained to assess and
collect the damages, though before the trial defendant made such chan-
ges as to remove the objectionable features of its business.

4. SAME—ASSESSMENT—TO WHAT TIME.

Where, in an action for damages resulting from a nuisance, the court
assessed plaintiff's damages not only to the time of the trial, but also for
seven months thereafter, to the date of the decision, and there is no
means of determining the amount allowed for the time since the trial,
the judgment should be reversed, and a new trial awarded.

Appeal from special term, New York county.

Action by Eli P. Miller and another against the Edison Electric
Illuminating Company. From a judgment for plaintiffs (68 N. Y.
Supp. 900), defendant appeals.   Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGH-
LIN, O'BRIEN, and INGRAHAM, JJ.

Henry J. Hemmens, for appellant.
Frank M. Hardenbrook, for respondents.

O'BRIEN, J.   This case, in many of its features, both of law and
fact, is similar to Bly v. Illuminating Co., 54 App. Div. 427, 66 N.
Y. Supp. 737, wherein the plaintiff, Bly, as a leaseholder of the
premises 33 West Twenty-Sixth street, brought suit for damages
and an injunction because of the manner in which this defendant's
power house, which is located at 47 West Twenty-Sixth street, was
operated.   In the present case the plaintiffs are the owners of the
premises Nos. 37, 39, and 41 West Twenty-Sixth street; and their
property, therefore, is nearer the defendant's electric light plant.
The evidence here of the vibration and jar produced by the machin-
ery, the emission of soot, cinders, steam, and smoke, which, after
leaving the chimney, came down upon this and adjoining houses,
and the manner of conducting the defendant's business, particu-
larly with respect to backing up carts and keeping them almost
continuously on the sidewalk for the purpose of removing ashes,
would support a finding that the power house, as so operated, was
a nuisance, and caused injury to the plaintiffs' property.   Upon

this record, however, there are considerations which are fatal both to the injunction granted, and to the amount of damages awarded.

First, with respect to the injunction, which restrains the defendant from "overloading the machinery." There would be difficulty in determining just when this provision was violated,—the intervention of experts being necessary to ascertain precisely what "overloading the machinery" means, what were its effects, and when it occurred; and therefore the enforcement of the injunction would, to a great extent, be impracticable. Moreover, the testimony to support the finding that this power house, as conducted, is a nuisance, was principally directed to showing conditions which were in existence when the action was commenced, but which at the date of the trial were, to some extent, either modified or removed. It appears that after attention had been called to the defects in the machinery, and the injurious manner in which the power house was being operated, changes were made, with the result that the vibration and jar to adjoining buildings were lessened, and to such a degree that at times they were imperceptible. So, also, an improvement was introduced in the method of removing the ashes, as well as in the general operation and management of the plant. Much of the testimony was that given by witnesses in another suit (Haynes against Edison Electric Illuminating Company), which, by stipulation, was read from the record in that case, and it related to conditions which at the trial of this action had, as stated, to some extent been modified or removed. It appearing, however, that there was sufficient evidence to support the conclusion that when this action was commenced the plaintiffs were entitled to equitable relief by way of injunction, it would have been proper for the court, even though the injurious and damaging features had been eliminated before the trial, and therefore an injunction would no longer be necessary, to have retained the action for the purpose of awarding the damages which the plaintiffs had shown that they had suffered. Although we differ, therefore, from the learned trial judge, in thinking that the provision in relation to the injunction is not supported, and that in form it is impracticable of enforcement, we might modify the judgment by striking out this provision as to injunctive relief, and affirming the award of damage. Upon this record, however, we are prevented from doing this by a statement in the decision itself, from which it appears that damages were included for a period for which no award could be made. Damages in an equity suit may extend down to the date of the trial, but they cannot be allowed, as was here done, down to the date of the decision. Of the total amount of damages awarded, we cannot tell how much was intended to cover the period of about seven months, between June, 1900, when the action was tried, and February, 1901, when the decision was made, and therefore we are unable either to affirm or modify the award of damages.

The judgment accordingly should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.