MILLER et al. v. EDISON ELECTRIC ILLUMINATING CO. OF
NEW YORK.

(Supreme Court, Appellate Division, First Department.   October 21, 1904.)

1. APPEAL—DAMAGES—IMPROPER ASSESSMENT—AFFIRMANCE.

Where, in an action for a nuisance, the proof showed that plaintiff was only entitled to recover damages sustained between May 1, 1895, and May 1, 1900, but the damages proved during that period amounted to $15,000, the fact that the court assessed damages at the sum of $4,500 for a period including time prior and subsequent to such dates did not require reversal on appeal.

Van Brunt, P. J., and O'Brien, J., dissenting.

Appeal from Special Term, New York County.

Action by Eli P. Miller and another against the Edison Electric Illuminating Company of New York.   From a judgment in favor of plaintiffs, defendant appeals.   Affirmed.

See 80 N. Y. Supp. 319.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Henry J. Hemmens, for appellant.
Frank M. Hardenbrook, for respondents.

PATTERSON, J.   This is the second appeal in this action, which was brought to restrain the defendant from continuing a nuisance, and for damages to the plaintiffs' real property claimed to have been affected thereby.   On the former appeal (Miller v. Edison Co., 66 App. Div.

470, 73 N. Y. Supp. 376) it was held by this court that, although the plaintiffs may have been entitled to an injunction at the commencement of the action, the proof disclosed such a change in conditions as to render the issuance of an injunction as final relief unnecessary, but that the court properly retained the action for the purpose of awarding damages which the plaintiffs had shown they had suffered. It was, therefore, considered that the plaintiffs, as owners of the property, were entitled to maintain this action, and further discussion of that subject is unnecessary.

On the former appeal, however, an award of damages which had been made was set aside on the ground that it appeared from the decision of the court below that damages were allowed for a period for which no award could be made, namely, for a time intermediate the date of the trial and the date of the decision, and, as there was no way of separating the damage properly from that improperly allowed, a new trial was necessary. On the second trial, from the judgment entered upon which this appeal is taken, the court found that the plaintiffs were entitled to $4,500 damages sustained between the 4th of October, 1892, and the 2d day of June, 1903. Upon an examination of the record we are unable to find that the plaintiffs were entitled to recover for any damage prior to the 1st day of May, 1895, or any after the year 1900, and that the damage really suffered, and for which they were entitled to recover, is limited to the period between May 1, 1895, and May 1, 1900. The conditions which existed to show damage during that period are as follows: Prior to the erection of the defendant's power house, the operation of which was the cause of complaint in this action, the rental value of the property, furnished (and the house of the plaintiffs was a furnished house), was about $15,000, and the plaintiffs actually received in rental and privileges they enjoyed the full amount of $15,000 up to the 1st of May, 1895, but at that date they were obliged to rent their property at a depreciated value, which depreciation, on the evidence, is largely attributable to the maintenance and operation of the defendant's works. The total depreciation for the five years at the rate of $3,000 a year is $15,000. The plaintiffs received on a lease made May 1, 1895, as rental, and with the privileges they formerly enjoyed, only $12,000. There was, therefore, a depreciation for those five years of $15,000, and that is ascertained from the evidence. The court below allowed $4,500, which is a little less than a third of the depreciation for five years mentioned. The case, therefore, as now made, shows a different situation from that which appeared on the former appeal. Then it was impossible to separate the damage allowable from that for which a recovery could not be had, but here the separation may be completely made. The amount is much less than the court might have allowed had it confined the award to the period of the five years before mentioned.

The judgment should be affirmed, with costs. HATCH and LAUGHLIN, JJ., concur. VAN BRUNT, P. J., dissents.

O'BRIEN, J. (dissenting). The judgment includes damages from 1892 and it is certain that no damages should have been awarded prior to May 1, 1895. The amount in this case is reasonable and could

be sustained if confined to the period subsequent to May 1, 1895. It is impossible however from this record to separate the damages or determine how much were allowed for the prior period. The judgment for this reason is erroneous and should be reversed and a new trial ordered, with costs to the appellant to abide the event.