SCHNEIDER v. MILLER et al.

(Supreme Court, Appellate Division, First Department.    December 11, 1908.)

1. VENDOR AND PURCHASER (§ 92*)—REMEDIES OF VENDOR—RESCISSION OF CONVEYANCE.

The failure of a grantee to perform a promise which was the whole or a part of the consideration of an executed conveyance, does not entitle the grantor to rescind, unless the promise amounts to a condition subsequent.

[Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. § 92.*]

2. MINES AND MINERALS (§ 64*)—LEASES—TRANSFER OF LEASE—RESCISSION.

Where plaintiff's firm desired capital to further develop and work mineral lands of which they were lessees, and agreed to transfer the lease to a company which defendant was to organize, and defendant agreed to contribute as capital a certain sum within sixty days after its organization, and an additional amount thereafter, the agreement being for the express purpose of raising money to continue the business, defendant's promise to contribute to the stock was a condition subsequent, the failure

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to perform which would justify the rescission of the transfer of the lease; and that defendant was to contribute the money after the organization of the corporation and transfer of the lease was immaterial.

[Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. §§ 181, 182; Dec. Dig. § 64.*]

3. MINES AND MINERALS (§ 64*) — LEASES — ASSIGNMENT — ACTIONS—RIGHT OF ACTION.

Where plaintiff agreed to transfer a mining lease and property to a company which defendant was to organize, and defendant agreed to contribute a sum to the capital of the company, plaintiff could not sue defendant for such sum on his failure to pay, since his promise was to pay the company.

[Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. §§ 181, 182; Dec. Dig. § 64.*]

4. MINES AND MINERALS (§ 64*) — LEASES — TRANSFER OF LEASE—RESCISSION—GROUNDS—ABANDONMENT BY OTHER PARTY.

In order to raise money to continue the business, plaintiff agreed to convey a lease of asphalt land, together with his interest in the business, to a company which defendant was to organize, and defendant agreed to contribute a certain sum to its capital within sixty days after its organization, but failed to do so. *Held* that, since the principal purpose of the contract was to secure money to carry on the business, defendant's failure to contribute as agreed was an abandonment of the contract so as to entitle plaintiff to rescind his transfer to the corporation; his remedy against defendant for damages being inadequate.

[Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. §§ 181, 182; Dec. Dig. § 64.*]

Appeal from Special Term, New York County.

Action by Abraham Schneider, as surviving partner of the firm of M. & A. Schneider, against Clifford L. Miller and another. From an interlocutory judgment sustaining a demurrer to the complaint, plaintiff appealed. Reversed, and demurrer overruled, with leave to answer.

Argued before PATTERSON, P. J., and McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Henry Brill, for appellant.
Donald McLean, for respondents.

SCOTT, J. The plaintiff appeals from an interlocutory judgment sustaining a demurrer to the complaint. The action is for the rescission of a contract.

The complaint and the contract attached to it show that the firm of which plaintiff is the surviving partner were the owners and holders of a lease of asphalt lands in the Indian Territory (now Oklahoma); that on July 1, 1904, the defendant Miller and another were made selling agents for plaintiff's firm, which proceeded to mine asphalt and ship it to Miller; that in the year 1906 plaintiff's firm were in need of money to develop their property and extend their operations; that on November 16, 1906, they entered into an agreement with Miller that he should organize a corporation under the laws of the state of New York with a capital of at least $30,000, to which the lease of the mining lands should be transferred. Miller on his part agreed to contribute to the corporation as capital $10,000 in cash within 60 days, and

$20,000 in 6 months, which latter time might be extended to one year if he was delayed in collecting certain moneys. The plaintiff's firm agreed on its part to contribute the lease, and to obtain the consent of the government to its assignment, and also to contribute their apparatus and machinery. It was agreed that Miller should have two-thirds of the stock of the corporation, and the plaintiff Abraham Schneider one-third; Morris Schneider (now deceased) receiving for his interest certain specified royalties on the product sold. The contract provided that the corporation to be formed should run the plant continuously in the usual way, except when shut down for repairs. Miller thereupon proceeded to organize the corporation, defendant herein, providing for a capital stock of $50,000, none of which has yet been issued.

It is further alleged that the plaintiff and Morris Schneider carried out all the obligations of the contract on their part including the assignment of the lease to the corporation, but that Miller, though often requested, did not within the 60 days specified in the contract, nor has he up to the date of the commencement of this action contributed the $10,000 which he agreed to contribute, nor any part thereof except about $1,700. It is alleged that on March 25, 1907, the plaintiff's firm elected to rescind the contract, and so notified Miller, at the same time offering to repay all advances made by him. It is further alleged that the plaintiffs have no adequate remedy at law, and their damages cannot adequately be estimated. The relief asked is that the contract be annulled, and the lease reassigned upon the payment to Miller of the amounts expended by him, and that the defendant corporation be restrained from accepting the consent of the government to the assignment of the lease, and from doing anything under the lease or the contract. The demurrer was sustained upon the principle, now contended for by the respondents, that the mere failure of a grantee to perform a promise which constituted the whole or a part of the consideration for an executed conveyance gives no right to a rescission. This general rule is, of course, well established where the promise does not amount to a condition, but under the facts alleged in the complaint the promise of Miller to advance the required capital should be considered to have been a condition subsequent, the failure of which will justify a rescission, and it is not deprived of that character merely because the condition was to be fulfilled after the organization of the company and the assignment of the lease. Underhill v. Saratoga & Wash. R. R., 20 Barb. 455.

There is, however, another well-settled principle upon which the complaint should be sustained. It is that recognized in Graves v. White, 87 N. Y. 464, wherein it is said that under certain circumstances the refusal of one party to perform his contract amounts to an abandonment on his part, which entitles the other party to assent to the abandonment and sue for such relief as may be necessary to restore the original status of the parties, and especially is this the case where damages could not be proven with adequate precision. Accepting as true the allegations of the complaint, it appears that the dominating and essential consideration leading to the contract for the organization of the company and the assignment of the lease to it was the need of money to increase the plant and develop the property. It

was contemplated, and indeed expressly provided, that the work should proceed continuously, and it was especially provided that the contribution of $10,000 should be made within 60 days. It is manifest that the refusal of Miller to comply with this term of his contract was calculated to destroy the very object for which the contract was entered into, and his refusal to so contribute may properly be held to be an abandonment by him of the contract itself. Meanwhile the plaintiff has parted with his property for which he has received nothing. He cannot sue Miller for the $10,000, because Miller's promise was to pay the company, not the plaintiff. Consequently all that the plaintiff could base a claim for damages on would be that his stock would have been more valuable if Miller had kept his contract. This would be purely speculative.

The judgment appealed from must be reversed, with costs and disbursements, and the demurrer overruled, with costs, with leave to defendant to withdraw the demurrer and answer within 20 days upon payment of said costs. All concur.