### SCHNEIDER v. MILLER et al.

(Supreme Court, Appellate Division, First Department. June 4, 1909.)

1. Injunction (§ 38*)—Pendente Lite.
    Plaintiff sought to rescind an agreement with defendant M. whereby plaintiff and his deceased partner had agreed to assign to defendant corporation a lease of mineral lands upon condition that they should have certain of the company stock and that defendant M. should advance money to the company for its operations. It appeared that the assignment of the lease had been consummated and that the company or M., or both of them, had been actually working the property, to which purpose M. had contributed considerable money, and that he was a person of ample means. Held, that M. and the company should not be restrained, pending the action, from working the property.
    [Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 86-89; Dec. Dig. § 38.*]

2. Injunction (§ 133*)—Pendente Lite—Mandatory Injunction.
    An injunction in such a suit, restraining defendants "from retaining possession of any part of the premises described in the lease," could not be sustained in any event, as it amounts in effect to a mandate to defendants to surrender the possession which they have acquired, and a mandatory injunction pendente lite will very rarely, if ever, be granted.
    [Ed. Note.—For other cases, see Injunction, Cent. Dig. § 302; Dec. Dig. § 133.*]

Appeal from Special Term, New York County.

Action by Abraham Schneider, surviving partner of the firm of M. & A. Schneider, against Clifford L. Miller and another. From an order granting an injunction pendente lite, defendants appeal. Reversed, and motion denied.

See, also, 129 App. Div. 197, 113 N. Y. Supp. 399.

Argued before INGRAHAM, CLARKE, HOUGHTON, McLAUGHLIN, and SCOTT, JJ.

Donald McLean, for appellants.
Henry Brill, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

SCOTT, J. Appeal by defendant from an order granting an injunction pendente lite. This is an action wherein the plaintiff seeks to rescind an agreement made by himself and his deceased brother and former partner with the defendant Miller, whereby plaintiff and his brother agreed to assign to the defendant corporation a lease of certain mineral lands in Oklahoma upon condition that they should have a certain proportion of the stock of said company and that Miller would advance certain money to the company in order that the minerals might be mined and the value of the property realized. When the case was before us on a former occasion on an appeal from an interlocutory judgment sustaining a demurrer to the amended complaint, we had before us only the said complaint, from which it appeared that Miller had totally refused to contribute the money he had agreed to contribute, in consequence of which the very purpose of the agreement sought to be rescinded, to wit, that the mines should be worked, seemed destined to fail. We considered that the complaint stated a cause of action. 129 App. Div. 197, 113 N. Y. Supp. 399.

We have now before us, not only the amended complaint, but the answer, in which many of plaintiff's equities are denied, and also very voluminous affidavits. It now appears, as it did not appear before, that the assignment of the lease to the defendant corporation has been consummated, and that the company, or Miller, or both, are now actually working the mines, to which purpose Miller has contributed a considerable sum of money. It also appears without contradiction that Miller is a person of ample means and quite capable of responding for any damages plaintiff may be able to prove against him. So much of the order appealed from as restrains defendants "from retaining possession of any part of the premises described in the lease" could not be sustained in any event, amounting as it does to a mandate to the defendants to surrender the possession which it appears they have acquired; for a mandatory injunction pendente lite will very rarely, if ever, be granted. We also think, as the case is now presented, that the defendants should not be restrained from working the mining property during the pendency of the action, or until the rights of the parties can be determined after a trial of the issues.

The order appealed from must therefore be reversed, with $10 costs and disbursements, and the motion for an injunction pendente lite denied, with $10 costs. All concur.