BOND STORES, INCORPORATED, Plaintiff, *v.* MARBRIDGE BUILDING Co., INC., Defendant.

Supreme Court, Special Term, New York County, September 27, 1945.

*Herbert H. Maass, Wilbur C. Davidson, Monroe L. Freedman* and *Lee Franklin* for plaintiff.

*Louis Salant* and *Eli S. Wolbarst* for defendant.

PECORA, J. Plaintiff moves for a preliminary injunction to restrain defendant, pending the determination of this action for declaratory judgment and for an injunction, from exercising and resorting to any remedies or rights under the lease between the parties. The essential facts upon this application, as well as in the action, are not in dispute. Plaintiff operates a chain of retail stores for the sale of men and women's apparel and kindred merchandise. On April 20, 1944, plaintiff, as tenant, and defendant, as landlord, entered into a lease covering certain portions of the building known as the Marbridge Building, located at the northeast corner of Broadway and 34th Street in the county of New York. The space rented included three separate, but contiguous, parts of the building, designated therein as parcels I, II and III respectively. The term of the lease with respect to each parcel was to commence on the following dates: The demise of parcel I to begin on September 1, 1945; that of parcel II on September 1, 1946, and that of parcel III on May 1, 1949. The lease is for a term of twenty-one years from September 1, 1945. It provides for an annual rent of 5% of plaintiff's sales, with guaranteed minimum rentals for each of the parcels, and a total guaranteed minimum rental of $250,-000 per annum. At the time of the execution of the lease, another tenant occupied the corner store, consisting of a greater part of the street floor of parcel I, and the second floor of that parcel, under a lease which was to expire on August 31, 1945.

On March 29, 1945, after the making of the lease in suit, chapter 314 of the Laws of 1945, the Business Rent Law, was enacted by the New York Legislature. In effect, that law provides that no tenant of business space shall be removed therefrom so long as such tenant continues to pay the so-called " emergency rent ", consisting of the rent payable under any lease in force on June 1, 1944, plus 15% thereof. No such tenant

may be removed even though his lease has expired. By its terms the statute is effective until July 1, 1946.

About June 21, 1945, the tenant in possession of the corner store and second floor of parcel I notified defendant in writing of its intention to hold over in the occupancy of the space occupied by it, after the expiration of its lease. Plaintiff was duly notified of this intention, and in fact said original tenant has continued in possession since September 1, 1945. As a consequence, only a portion of parcel I was available for delivery to plaintiff. Such portion admittedly will be unsuitable for the operation and conduct of a store of the size and type contemplated by the parties to the lease.

Plaintiff did not enter into possesion of the remainder of parcel I, and defendant informed plaintiff that on September 1, 1945, plaintiff would be required to elect either to take possession of such balance of parcel I, which is all defendant could deliver, or to surrender the lease. Plaintiff maintained that in view of defendant's inability to deliver possession of parcel I in its entirety, its lease is suspended during the period of the emergency defined in the Business Rent Law, and that defendant would be required to deliver possesion of the entire premises upon the termination of the effective period of the act.

As a result of these conflicting contentions as to the jural relations between the parties, plaintiff commenced this suit for a declaratory judgment. Defendant has answered the complaint, and in a counterclaim has asked for a declaratory judgment consistent with its views. The action is appropriately one for a declaratory judgment pursuant to section 473 of the Civil Practice Act (*Union Trust Co.* v. *Main & South Sts. Holding Corp.*, 245 App. Div. 369; *Woollard* v. *Schaffer Stores Co.*, 272 N. Y. 304).

The question remains whether plaintiff is entitled to injunctive relief, *pendente lite*. Such remedy should be granted only where there exists a reasonable probability of success in the action ultimately. In this court's opinion, plaintiff's contention as to the suspension of the lease is unsound and will not prevail. Hence, its motion for a preliminary injunction must be denied. Succinctly stated, this court is of the opinion that the situation created by the passage of the Business Rent Law rendered impossible the performance of essential elements of the lease, thereby resulting in a complete frustration of performance, and that the lease, being executory, was wholly terminated. Suspension of the lease might occur in this case were plaintiff to pay the minimum rental during the indefinite period of suspension, and require defendant to perform after the period of the Business Rent Law expires. But plaintiff does not offer

to .do this. Its unwillingness in this respect may well be pardoned in view of the fact that the life of the act may be extended by the Legislature for substantial periods.

Looking at another aspect of this case, it is difficult to see the practical necessity for temporary injunctive relief. Plaintiff argues that the lease remains suspended during the term of the period defined in the Business Rent Law, while defendant urges that the lease be declared wholly inoperative. In either event rent would not be payable. Because of the absence of any issues of fact, a determination of this action may well be made expeditiously by a motion for judgment on the pleadings.

The motion for an injunction *pendente lite* is denied.