THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSEPH D. McGOLDRICK, as State Rent Administrator, Plaintiff, against CLAUDE FOLLETTE, Defendant.

Supreme Court, Special Term, Albany County, July 25, 1950.

*Nathaniel L. Goldstein, Attorney-General (Douglas S. Rider of counsel)*, for plaintiff.

*Charles H. Gaffney* for defendant.

MacAffer, J. This action is brought by Joseph D. McGoldrick as State Rent Administrator in the name of the People of the State of New York, under the Residential Rent Control Law (L. 1946, ch. 274, as amd. by L. 1950, ch. 250, eff. May 1, 1950), pursuant to the provisions of section 10 of such act, for a preliminary and final injunction enjoining the defendant, his agents, servants, employees, attorneys and all persons in active concert or participation with the defendant, (a) from seeking to or evicting tenants of the defendant from certain premises known as No. 14 Cedar Street in the city of Kingston, N. Y., in any form or manner contrary to the said act and the regulations thereunder, and (b) directly or indirectly demanding or receiving rents in excess of the maximum legal rent for such premises. The complaint also prays for an order directing the defendant forthwith to restore the tenants Harley Palen and his wife, Mary A. Palen to the free access and peaceful possession and rightful use and occupancy of said premises.

The plaintiff now brings this motion for an injunction *pendente lite* that the defendant: (a) forthwith restore the tenant Harley Palen and his wife, Mary A. Palen to the free access and peaceful possession and rightful use and occupancy of the housing accommodations known as 14 Cedar Street, Kingston, New York; (b) be enjoined and restrained from (1) violating the provisions of the Residential Rent Control Law and the rent and eviction regulations issued thereunder; (2) directly or indirectly demanding or receiving rents in excess of the maximum legal rent for such housing accommodations; and (3) engaging in any action whatsoever, the purpose of which is to illegally evict or lock out said tenants from the housing accommodations described; and (c) pending the determination of this motion and for such future time as the court may direct, be restrained and enjoined from demolishing, altering or wrecking the hous-

ing accommodations or performing any alterations or building operations with respect thereto, as would result in substantial change of its present character as such housing accommodations.

The defendant, by order to show cause returnable at the same time as plaintiff's motion for a temporary injunction, moves upon the complaint and affidavits to dismiss the complaint.

Defendant's order to show cause, which of course, is in substitution of the regular notice of motion, fails to set forth the Rule of Civil Practice and the specific ground under such rule upon which the motion is based. The court, therefore, has been compelled to examine defendant's motion papers, to determine the basis of the relief sought by the defendant's motion. From such motion papers it appears to the court that the defendant's motion is based upon subdivision 5 of rule 107 of the Rules of Civil Practice which provides that a defendant may move for a judgment dismissing the complaint on the complaint and an affidavit stating facts tending to show that there is an existing final judgment or decree of a court of competent jurisdiction rendered on the merits determining the same cause of action between the parties.

In addition to the motion papers on plaintiff's motion, consisting of an order to show cause based on the complaint and affidavits annexed thereto, plaintiff has submitted reply affidavits to the affidavits submitted by the defendant in support of defendant's motion. The defendant's affidavits also contain allegations in opposition to the plaintiff's motion. There has also been submitted by the defendant the precept and petition, warrant and final order in summary proceedings in the County Court of Ulster County, brought by the defendant here as landlord against one Harley Palen in such proceedings described as the tenant of premises 14 Cedar Street, Kingston, New York. Minutes of the hearing before Honorable JOHN M. CASHIN, Ulster County Judge, upon the return of the precept in such summary proceedings have also been submitted to this court as part of the record of said summary proceedings.

From the papers before the court it appears that the defendant herein is and was at all the times referred to herein the owner of certain premises in the city of Kingston, New York, known as 14 Cedar Street. On December 13, 1945, the defendant entered into a written lease with Harley Palen whereby such premises were leased for a period of one month to be occupied " as a place of business and office and the sheds and land leased are to be used by the tenant in pursuit of the business now car-

ried on there.'' In April, 1950, the landlord served notice upon the defendant to vacate the premises on or before June 1st, the original term of the lease having expired and by its provisions the tenant being in possession under a month-to-month tenancy.

Thereafter on June 7, 1950, the defendant brought summary proceedings to evict the tenant returnable in the Ulster County Court on June 14, 1950, and on said date after a hearing a final order of that court was made and entered awarding possession of the premises to the defendant Claude Follette and directing that a warrant issue for the removal of the tenant. No appeal appears to have been taken from that determination. Although the order to show cause on plaintiff's motion was signed June 22, 1950, the summons and complaint and order to show cause were not served on the defendant until June 26, 1950. Between June 14th and the commencement of this action the landlord began the demolition of the building in question, and at present the structure has no floors, windows, and only a partial roof.

The controversy in this case is whether the premises in question are commercial or business property or are housing accommodations within the purview and provisions of the Residential Rent Control Law. Plaintiff contends that the so-called office building on the premises was lived in by the tenants and therefore became housing accommodations within the control of such law. Defendant contends that the premises were leased, used and occupied as business or commercial property and are therefore without the control of that law. Affidavits have been submitted on behalf of the plaintiff to the effect that the tenants Palen had lived in the office building on the premises since October, 1945, to the knowledge of the defendant landlord. Affidavits on behalf of the defendant have been submitted to the effect that the tenants Palen used the premises as living quarters only since the latter part of 1949 or the early part of 1950 and without the knowledge and consent of the defendant landlord, and that when the landlord discovered such fact and by reason thereof, he brought the summary proceedings mentioned above to remove the tenants. Apparently, the premises were never registered as being subject to control under the Federal laws, as no certificate of such registration has been produced on these motions.

Mr. Gottelli, an attorney for the State Rent Administrator appeared at the hearing before the Ulster County Court in the summary proceedings and objected to the granting of a final order in such proceeding upon the ground that the landlord had not proceeded in accordance with the provisions of the New York State Residential Rent Control Law. Mr. Gottelli makes an affi-

davit in support of plaintiff's motion in which he states that the failure of the landlord to comply with the New York State Residential Rent Control Law and regulations was brought to the attention of the County Judge upon the trial of the summary proceedings, and that notwithstanding such objection the County Judge ruled that the premises in question did not constitute housing accommodations.

While it is true that the plaintiff here was not a formal party to the summary proceedings in the Ulster County Court, neither was he a stranger thereto: As has been noted, his representative, who describes himself on this motion to be in charge of the eviction unit of the local rent office of the Temporary State Housing Rent Commission at 13 Washington Street, Poughkeepsie, New York, appeared as the attorney for the plaintiff and took part in the proceedings before the Ulster County Judge and urged upon that court the very subject of the issue presented in this action. Should this court entertain this action, the only issue presented would be whether the premises involved are commercial or business property, or housing accommodations within the purview of the New York State Residential Rent Control Law. That issue appears to have been litigated and decided in the summary proceedings in Ulster County Court with the determination of that court being that the premises involved were not housing accommodations. There is, therefore, an existing final decree of a court of competent jurisdiction rendered on the merits determining the issue sought to be litigated here. Since the plaintiff here was not a stranger to, but by his representative, was a participant in such judicial proceedings, plaintiff is bound by that decree. (*Matter of New York State Labor Relations Bd.* v. *Holland Laundry,* 294 N. Y. 480, 493–494; *Gable* v. *Raftery,* 65 N. Y. S. 2d 513, 518; *Ashton* v. *City of Rochester,* 133 N. Y. 187, 193.)

Although the tenant defaulted in the summary proceedings he had the right and the opportunity therein to litigate the issue with respect to whether the premises were within the rent control law. All the evidence presented here on the controversy might well have been presented to the Ulster County Court. The determination of the Ulster County Court that such premises were not housing accommodations is as conclusive as if such evidence had been presented to that court. (*Slote* v. *Cascade Holding Corp.,* 276 N. Y. 239, 244.)

The building in question was partly demolished and at present the structure has no floors, windows, and only a partial roof and, therefore, is not habitable. Under such circumstances.

the granting of plaintiff's motion for an injunction *pendente lite* to restore the tenant to such premises and to restrain the defendant from taking any action to illegally evict or lock out the said tenant, would be a futile decree. Equity will not decree that which cannot be done. (*Miller* v. *Edison Elec. Illuminating Co.,* 66 App. Div. 470; *Rosano* v. *Sperber,* 64 N. Y. S. 2d 35, 37.)

Furthermore, plaintiff seeks a temporary injunction both mandatory (restoring the tenants to the premises) and prohibitive (from taking any steps to illegally evict the tenants). A preliminary mandatory injunction is an extraordinary remedy very rarely granted (*Schneider* v. *Miller,* 132 App. Div. 852; *Lucomksy* v. *Palmer,* 141 Misc. 278, 281) and then only in the discretion of the court where irreparable injury is threatened (*Kane* v. *Walsh,* 295 N. Y. 198, 205–206) and where the right thereto is established with indisputable clearness (*Owen* v. *Partridge,* 40 Misc. 415), especially where such temporary injunction seeks the very relief demanded as the final judgment (*Bachman* v. *Harrington,* 184 N. Y. 458).

So, too, a temporary prohibitive injunction will not be granted where a substantial issue exists as to the facts upon which the right to relief depends (*Morrin* v. *Structural Steel Bd. of Trade,* 231 App. Div. 673; *Voorhees & Hobart, Inc.* v. *Hobart,* 251 App. Div. 111), and where the ultimate success of the moving party is in doubt. (*Bond Stores* v. *Marbridge Bldg. Co.,* 185 Misc. 1043, 1045.)

While the court is not deciding the issue in controversy by reason of its conclusion that there exists a decree of a court of competent jurisdiction determining that issue, on the papers now before the court, it does not appear that the premises in question were housing accommodations within the purview of the Residential Rent Control Law. On the contrary, on the facts before the court, it would be inclined to determine that issue against the plaintiff.

For the reasons stated, plaintiff's motion is denied without costs; defendant's motion for dismissal of the complaint is granted, without costs.

Submit order.

All papers to the attorney for the defendant to be filed upon the entry of the order entered hereon.