THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSEPH D. McGOLDRICK, as State Rent Administrator, Plaintiff, against SARA C. RIGGS et al., Defendants.

Supreme Court, Special Term, Chemung County, July 31, 1951.

*Robert H. Schaffer* and *Henry S. Halprin* for plaintiff.

*Henderson G. Riggs* for defendants.

NEWMAN, J. Before the plaintiff can obtain the order sought he must show that the defendants have engaged or are about to engage in acts or practices which constitute or will constitute a violation of the law. "A temporary prohibitive injunction will not be granted where a substantial issue exists as to the facts upon which the right to relief depends ". (*People ex rel. McGoldrick* v. *Follette,* 199 Misc. 492, 497.) The defendants deny that they are engaged or are about to engage in any acts which will constitute a violation of the law. They contend that there has been no legal maximum rent established for the premises in question. They allege that prior to the purchase of said premises they made inquiry at the local rent control office of the plaintiff and were informed by the person in charge of that office that said premises were not registered and that there was no legal maximum rental established for the premises in question, and that believing said statement and relying thereon they purchased said premises, incurring thereby a considerable financial obligation, and that they incurred further financial obligation in the redecoration and improvement of said premises preparatory to renting same and in good faith, without any knowledge that there was a maximum rental established for said premises, entered into the lease with the tenant whereby they leased said premises for the monthly rental of $90. That the defendants will be prejudiced in that they have incurred these obligations relying upon the statement of the rent administrator that there was no rental ceiling on these premises, and by reason of these facts this plaintiff is now estopped from

claiming that there was a maximum rental established for these premises prior to the purchase thereof by the defendants.

" ' But the rule of law is clear, that when one by his words or conduct wilfully causes another to believe the existence of a certain state of things, and induces him to act on that belief so as to alter his own previous position, the former is concluded from averring against the latter a different state of things as existing at the same time.' " (*Carpenter* v. *Stilwell*, 11 N. Y. 61, 73.)

" An estoppel rests upon the word or deed of one party upon which another rightfully relies and so relying changes his position to his injury. When this occurs it would be inequitable to permit the first to enforce what would have been his rights under other circumstances." (*Metropolitan Life Ins. Co.* v. *Childs Co.*, 230 N. Y. 285, 292–293.)

The furnishing a prospective purchaser of real property information as to the rental ceiling on said rental property is an act which the rent administrator was authorized to perform. The defendants were justified in relying upon the information so obtained. " It is only the unauthorized acts of the officers and agents of the State that fail to operate as an estoppel." (*Lee* v. *State of New York*, 187 Misc. 268, 278.)

The allegations on behalf of the defendants raise a substantial issue as between these parties as to whether or not there is a maximum legal rental established for these premises.

In view of the doubt as to the ability of the plaintiff to establish his cause of action the motion must be denied.

Submit order.