ASHLAND CLOTHES, INC., Plaintiff, *v.* STANLEY J. CUMMINGS et al., Defendants.

Supreme Court, Special Term, New York County, June 18, 1962.

*Davis & Quat* (*Leon Quat* of counsel), for defendants. *Saxe, Bacon & O'Shea* (*Albert A. Blinder* and *Stephen Hochhauser* of counsel), for plaintiff.

JACOB MARKOWITZ, J. In this action, an unsuccessful party in an arbitration proceeding seeks to recover damages against one who testified in that proceeding, and the latter party's employer. The defendants move for summary judgment on two grounds, (1) that the aribtrator's decision is not subject to collateral attack in this proceeding, and (2) that no damage was sustained by plaintiff as a result of the arbitration award for the award has not yet been paid, and plaintiff is now defunct and without assets.

Plaintiff contends that as the defendants herein were not parties to the arbitration, and as an appeal from a determination on the confirmation of the aribtrator's award is now pending before the Appellate Division, the doctrine of collateral estoppel does not apply herein. Plaintiff further contends, as to damages, that the award need only be reflected on its books as a liability to form a sufficient basis for this action.

The arbitrator clearly considered the testimony of defendant Cummings and rejected plaintiff's claim that the agreement which was the subject of the arbitration proceeding was made under duress. Plaintiff claims it acquired evidence, after conclusion of the arbitration proceeding, indicating that defendant Cummings deliberately falsely testified in the arbitration proceeding, to plaintiff's damage.

Plaintiff is here seeking, in effect, a vacation of the aribtration award, or, at least, a decision that the defendants are liable to it for any damage it sustained as a result of that award. Plaintiff had full opportunity to litigate the issue of defendant Cumming's veracity in the arbitration. It is here attempting to litigate it anew (see *Liberty Mut. Ins. Co.* v. *Colon & Co.* 260 N. Y. 305; *Good Health Dairy Prods. Corp.* v. *Emery,* 275 N. Y. 14). Statutory means exist by which plaintiff can seek to vacate the award on the ground that it was procured by "fraud or other undue means" (Civ. Prac. Act, § 1462, subd. 1). The basic purpose served by the doctrines of *res judicata* and of collateral estoppel is to prevent relitigation of the same subject matter (*De Coss* v. *Turner & Blanchard, Inc.,* 267 N. Y. 207). One need not be a formal party to the prior proceeding for the doctrine to be applicable. It is sufficient if he was a participant

therein (*People ex rel. McGoldrick* v. *Follette,* 199 Misc. 492, 496; *Babylon Milk & Cream Co.* v. *Horvitz,* 151 N. Y. S. 2d 221, 225, affd. without opinion 4 A D 2d 777).

Plaintiff has shown no damage, for the award, admittedly, has not been confirmed nor paid, and judgment thereon has not issued. No affidavit on the issue of damages has been submitted by anyone with personal knowledge of the facts. Thus, in addition to the foregoing, the action is prematurely brought. The motion is granted and the complaint dismissed.