MARY R. McCREE CONGER, Respondent, *v.* ABRAHAM B. CONGER, Appellant.

Where, in an action for divorce on the ground of adultery, trial is had before a referee, and judgment rendered upon his report in favor of defendant, which is reversed by the General Term on questions of fact and a new trial ordered, the order of General Term is appealable to this court, the appellant giving the usual stipulation required by the Code of Civil Procedure (§ 191).

In such case, upon affirmance of the order here, judgment absolute can be rendered against the appellant upon such stipulation, as the question of adultery has been tried, and the decision of the General Term and of this court is to the effect that the defendant is guilty ; the judgment therefore will be based upon evidence and upon judicial determinations.

As to whether the order is appealable, where the judgment was reversed for error of law, not involving the merits, *quære.*

(Argued May 20, 1879 ; decided June 3, 1879.)

MOTION to dismiss appeal.

The nature of the actions and the material facts are set forth in the opinion.

*John E. Parsons*, for motion.

*Samuel Hand*, opposed.

EARL, J. This is an action for a divorce, on the ground of adultery. It was tried before a referee, and he reported in favor of the defendant, and judgment was entered upon such report at Special Term. From that judgment the plaintiff appealed to the General Term of the Supreme Court, and there the judgment was reversed, upon questions of fact, and a new trial was ordered. The defendant then appealed to this court giving stipulation for judgment absolute in case of affirmance of the order. This motion is now made to dismiss the appeal, on the ground that in a case like this, an appeal from such an order is unauthorized.

Under section 190 of the Code, an appeal from an order granting a new trial is authorized. But by section 191 it is provided that such appeal cannot be taken, unless the notice of appeal contains an assent by the appellant that if the order be affirmed, judgment absolute shall be rendered against him. This appeal is certainly within the letter of these provisions; but it is claimed that in case of affirmance of the order, judgment absolute could not be rendered against the defendant upon the stipulation; that the stipulation is therefore inoperative, and hence, that the appeal is unauthorized.

It is the policy of our law to prevent collusive divorces, and hence, they can be granted only in the mode and for the causes mentioned in the statute. They cannot be granted by the consent of the parties, nor by default for the want of an answer. No stipulation will of itself be sufficient to authorize a divorce. The parties cannot agree upon a reference of an action for a divorce or upon a referee to try the

cause ; and in case of a trial before a referee, judgment can be entered only upon the order of the court: (Code, §§ 1012, 1229; Rule 83 of the Supreme Court.)

Here the referee found, upon the facts, that the defendant was not guilty of adultery, and therefore judgment was given in his favor. Upon appeal to the General Term, the court differed with the referee, and decided that he erred upon the facts. It must, therefore, have decided that upon the preponderance of evidence the defendant was guilty of the adultery charged. He now stipulates that if this court agrees with the General Term upon the facts, effect may be given to that decision by the entry of judgment. There is no claim that the stipulation is collusive, for the purpose of facilitating a divorce. It appears to have been given in good faith. The entry of a judgment, under such a stipulation, would not be against the policy or spirit of our laws, and, as shown above, would not be against their letter. The question of adultery has been tried. The evidence was before the General Term, and will be before this court, and if this court should finally hold, affirming the order of the Supreme Court, that the fact of adultery was established, there will be no reason why effect should not be given to the stipulation. The judgment thus entered will not be a voluntary one, and will not rest entirely upon defendant's consent ; but it will be based upon the evidence and upon judicial determinations.

If the judgment had been reversed, for some error of law not involving the general merits of the case, a different question would have been presented.

The motion must be denied.

All concur.

Motion denied.