(Submitted March 30, 1925; decided April 7, 1925.)

---

ISIDOR FRIEDMAN, Respondent, *v.* ELSIE FRIEDMAN, Appellant.

*Appeal — divorce — appeal from order of Appellate Division reversing judgment in favor of defendant and granting new trial in action for divorce, dismissed.*

The provision of subdivision 2 of section 588 of the Civil Practice Act, providing that an appeal may be taken to the Court of Appeals from an order of the Appellate Division granting a new trial on exceptions where the appellant stipulates that upon affirmance judgment absolute shall be rendered against him, does not apply to an

action for absolute divorce and an appeal from such an order in such an action will be dismissed.

*Friedman* v. *Friedman*, 212 App. Div. 823, appeal dismissed.

(Submitted March 30, 1925; decided April 7, 1925.)

MOTION to dismiss an appeal from an order of the Appellate Division of the Supreme Court in the second judicial department, entered January 13, 1925, reversing a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and granting a new trial.

*Oswald N. Jacoby* for motion.

*Isidor E. Schlesinger* opposed.

McLAUGHLIN, J.   This action was brought to procure a judgment of absolute divorce.   The answer put in issue the allegation of adultery.   After issue had been joined the court upon the application of the defendant made an order, as it was obliged to do, directing that such issue in the form of specific questions be tried by a jury.   (Civ. Prac. Act, sec. 1149.)   It was so tried and a verdict rendered in favor of the defendant, and the court upon such verdict and evidence taken at the trial made a decision that the defendant had not committed adultery. Judgment was entered to this effect and the complaint dismissed upon the merits.   The plaintiff then appealed to the Appellate Division where the judgment in favor of the defendant was unanimously reversed and a new trial ordered for an alleged error in the exclusion of evidence. The defendant thereupon appealed to this court giving the usual stipulation (Civ. Prac. Act, sec. 588, subd. 2) for judgment absolute against her in case of affirmance.

The plaintiff now moves to dismiss the appeal upon the ground that the statute providing for judgment absolute upon a stipulation was not intended to and does not apply to a judgment for absolute divorce.

I am of the opinion that the motion should be granted and the appeal dismissed.   It is true that the subdivision of the section of the Civil Practice Act referred to expressly provides that an appeal may be taken to the Court of

Appeals from an order of the Appellate Division granting a new trial on exceptions where the appellant stipulates that upon affirmance judgment absolute shall be rendered against him. This provision of the statute, however, when read in connection with other provisions of the Civil Practice Act and the Rules of Practice, indicates that the Legislature never intended that it should apply to an action for absolute divorce. Such a judgment cannot be obtained by consent nor by default. In case of default either in pleading or appearing in the action the plaintiff before he can obtain a judgment must prove the material allegations of the complaint. (Civ. Prac. Act, sec. 1150.) The court cannot appoint a referee agreed upon by the parties or nominated by either of them. (Civ. Prac. Act, rule 281.) Indeed, if a defendant makes default in pleading a referee cannot be appointed but the court itself must take the proof in open court and a copy of the evidence taken must be written out and filed with the judgment roll. (Civ. Prac. Act, rule 282.)

To permit judgment to be entered upon the defendant's stipulation would be in effect to grant a judgment of divorce by consent without evidence or findings to sustain the allegation of adultery. This would be contrary to the letter and spirit of the statute and against public policy. Not only this but in the face of a verdict and finding by the court that the defendant has not committed adultery. The case in principle cannot be distinguished from *Conger* v. *Conger* (77 N. Y. 432).

The motion to dismiss the appeal should be granted, without costs.

All concur.

Appeal dismissed.