FRED CHRISTENSEN, Respondent, *v.* MORSE DRY DOCK AND REPAIR COMPANY, Appellant.

*Appeal — stipulation for judgment absolute, on appeal from order reversing and granting new trial must be unqualified.*

A stipulation for judgment absolute, on appeal to the Court of Appeals from an order of the Appellate Division reversing a judgment and granting a new trial, may not be qualified so as to be without prejudice to the right of appellant to appeal from a judgment of affirmance to the Supreme Court of the United States.

*Christensen* v. *Morse Dry Dock & Repair Co.*, 216 App. Div. 274, appeal dismissed.

(Argued June 2, 1926; decided July 9, 1926.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered March 19, 1926, reversing a judgment in favor of defendant entered upon a decision of the court at a Trial Term without a jury and granting a new trial.

*Harrington Putnam* and *Cortland Palmer* for appellant.

*James C. Van Siclen, James A. Gray* and *William S. Butler* for respondent.

PER CURIAM. The stipulation for judgment absolute herein filed is made subject to the qualification that it is " without prejudice to the right of the defendant, appellant, to appeal from said affirmance to the Supreme Court of the United States," etc. The stipulation for judgment absolute (N. Y. Const. art. 6, § 7; Civ. Prac. Act, § 588, subd. 2) which must be filed to give this court jurisdiction on an appeal from an order granting a new trial is in effect a stipulation for judgment by consent in case of affirmance and should, therefore, be unqualified. This court may not dispense with the constitutional limitation on the right of appeal.

The appeal should be dismissed, with costs.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur.

Appeal dismissed.