JENNIE L. CANFIELD, Respondent, v. ELMER E. HARRIS & Co., Appellant.

(Argued January 6, 1930; decided February 11, 1930.)

*Henry Adsit Bull* for appellant. The affirmance by the Court of Appeals in the former action was a final judgment on all issues of fact and conclusively establishes that defendant did not hold over. (*Mackay* v. *Lewis*, 73 N. Y. 382; *Van Slyck* v. *Woodruff*, 192 N. Y. 547; *Tousey* v. *Hastings*, 194 N. Y. 79; *Hiscock* v. *Harris*, 80 N. Y. 402; *Roberts* v. *Baumgarten*, 126 N. Y. 336; *City Trust Co.* v. *Am. Brewing Co.*, 182 N. Y. 285; *Matter of Mosher*, 185 N. Y. 435; *Conklin* v. *Snider*, 104 N. Y. 641.)

*H. B. Butterfield* and *B. H. Butterfield* for respondent. The judgment based upon the stipulation is not a bar to this action. (*Maloney* v. *Nelson*, 158 N. Y. 351; *Bell* v. *Merrifield*, 109 N. Y. 202.)

O'BRIEN, J. Plaintiff's predecessor in title leased certain premises to defendant for a term of years and defendant, entering into possession, paid rent for the full term ending October 31, 1926.

The complaint alleges that, after the expiration of the term, defendant neglected to vacate and surrender possession; that in fact it remained in possession and occupancy as a tenant holding over; that plaintiff elected to treat it as a tenant for one year subsequent to the expiration of the term prescribed in the lease and that

demand was duly made for rent for November, 1926, and following months. Judgment is demanded only for such rent as is alleged to have accrued during the time extending from February, 1927, to October 31, 1927. The answer denies that defendant held over. Then it alleges and the reply admits that plaintiff brought an action to recover the monthly rentals for November and December, 1926, and January, 1927; that in that action the allegations and denials of holding over were identical with those in the present action; that plaintiff recovered judgment which was reversed by the Appellate Division and a new trial ordered; that, on plaintiff's appeal to the Court of Appeals with stipulation for judgment absolute in the event of affirmance, this court affirmed the order of the Appellate Division with direction for the entry of judgment absolute on the stipulation and that judgment absolute in favor of defendant was entered. The certified questions require answers whether the former judgment is a bar to the first cause of action pleaded in the present complaint and whether defendant is entitled to an order dismissing this cause of action.

The Appellate Division reversed the former judgment and ordered a new trial on the ground that error had been committed in ruling, as matter of law, that defendant had become a holdover tenant. When a party refuses to accept a new trial but, instead, gives a stipulation in this court for judgment absolute, it must abide by the result. The object of such a stipulation is to shorten procedure by which a decision can be had on a question which lies at the very foundation of the action. (*Moloney* v. *Nelson*, 158 N. Y. 351, 354.) The judgment of this court was to the effect that for rent alleged to have accrued during the first three months subsequent to the expiration of the lease plaintiff had no cause of action. She would have had a perfect case if defendant had held over. There was a complete adjudication of the issue whether defendant held over. (*Cornwell* v. *Sanford*, 208 N. Y.

126.) The question of fact could have been litigated but plaintiff refused to put it to the test of a jury trial. She submitted the whole controversy upon the result to be reached in this court (*Roberts* v. *Baumgarten*, 126 N. Y. 336, 341), and her judgment in the County Court that defendant was a holdover tenant was decided to be wrong. The judgment in this court conclusively settling the issue is founded solely upon the consent of the party making the stipulation that a certain result should follow the decision of this court .on questions of law presented to it by the record. (*Roberts* v. *Baumgarten, supra.*) Its effect is similar to the results following a judgment taken by default (*City Trust S. D. & S. Co.* v. *American Brewing Co.*, 182 N. Y. 285, 295; *Gates* v. *Preston*, 41 N. Y. 113) which has the same consequences as one based upon a verdict. The general rules governing judgments apply to those taken by consent or upon stipulation which, in the case of individuals and private corporations, constitute a bar to the same extent as other judgments. A judgment by confession stands in much the same position as one by stipulation or consent and is a conclusive adjudication of all matters embraced in it and a bar to any subsequent action on the same claim. (Freeman on Judgments, pp. 1393–1398; *Davies* v. *Mayor, etc.*, 93 N. Y. 250; *Culross* v. *Gibbons*, 130 N. Y. 447.)

The order of the Appellate Division and that of the Special Term should be reversed and the motion granted, with costs in all courts, and the questions certified answered " yes."

CARDOZO, Ch. J., POUND, CRANE, LEHMAN and KELLOGG, JJ., concur; HUBBS, J., not voting.

Orders reversed, etc.