In the Matter of the Will of MICHAEL WINBURN, Deceased.

MAURICE WINEBURGH et al., Appellants; MARIE WIN-BURN et al., Respondents.

(Argued December 2, 1935; decided March 3, 1936.)

O'BRIEN, J. In this proceeding we reversed (265 N. Y. 366) an order of the Appellate Division affirming a decree of one of the Surrogates of New York county construing the will of Michael Winburn and held that as to one-half of the residuary, except two legacies, the testator died intestate. Our remittitur directed the Surrogate to proceed in accordance with the opinion of this court, which, by necessary implication, held that the part of the estate in respect to which the testator died intestate should be distributed in accordance with the statute.

Some of the parties who were unsuccessful at the Appellate Division appealed to this court. Others of that group refrained from taking an appeal. The executors and trustees who had been successful in the Surrogate's Court and at the Appellate Division and some of the other parties in like position move to amend the remittitur by modifying the decree so as to award distributive shares only to those parties who appealed to this court and by affirming as to all other distributees who did not appeal. They rely principally upon *St. John* v. *Andrews Institute* (192 N. Y. 382) and *Matter of Horner* (237 N. Y. 489).

In the prevailing opinion in the *St. John* case occurs the statement (p. 389): " The great stumbling block in this case seems to be the apparent, if not real, incongruity of the result arrived at; that is to say, that a distribution will be made in favor of four of a certain class of defend-

ants, which is denied to two others of the class, whose rights are exactly the same." In *Croker* v. *Williamson* (208 N. Y. 480, 484) this court stated this rule: " It is clear both upon reason and authority that no such anomalous result could be tolerated as that of a judgment declaring a will invalid on general grounds as to part of the legatees and valid as to others [citing authorities]. Thus it appears that in the face of an action involving the general validity of a will and of the probate thereof, the interests of legatees are so tied together that they cannot be separated and that a judgment rejecting or upholding the will as to one legatee will similarly affect the others. Their interests under the will must stand or fall together, and it would seem to be pretty clear that they are, therefore, ' united.' " The same thought had previously been expressed in *Altman* v. *Hofeller* (152 N. Y. 498, 506), wherein it is written: " Our attention, however, has been called to no authority which sustains the doctrine that where there is error which requires a reversal, the judgment can be properly reversed and a new trial granted as to some of the defendants and affirmed as to others, *unless in a case where their interests and the issues between them are so far separate* that upon a new trial the issues between the plaintiff and the defendants as to which it is affirmed will not be involved or determined; so that there cannot be two different and inconsistent judgments upon the same issue in the action." Among the authorities cited in the prevailing opinion in the *St. John* case is this quotation from Freeman on Judgments: " *If a defendant* does not appeal, and *is not made a party to the appeal* by the service on him of notice thereof, an appeal by his co-defendant, followed by a reversal of the judgment, cannot authorize the retrial of the cause as against the non-appealing defendant, and the new trial must be confined to the issues between the parties to the appeal " (p. 386). That action arose in the Supreme Court and *Matter of Horner* was decided upon the authority of that

decision. In the opinions in those cases there is no indication that section 2573 or section 2755 of the Code of Civil Procedure, applicable only to proceedings in the Surrogate's Court, or section 289 of the Surrogate's Court Act was brought to the attention of this court. The section last mentioned was re-enacted in this form: " Who must be made parties. Each party who has appeared in the special proceeding in the Surrogate's Court, *must be made a party to the appeal.* A person not a party, may be brought in by order of the appellate court, made after the appeal is taken, in such manner as the order may prescribe."

The distributees whom the moving parties seek to exclude from the benefits of our decision are Marie Winburn, the widow; John Winburn, a half nephew; Eva Clayburgh, a half niece; Phœbe Cohen, a niece, and the Estate of Hattie Weinberg, a niece, all of whom had appealed to the Appellate Division but did not appeal to this court, and Abraham Wineburgh, a brother, who took no appeal to either court. Of these parties, according to the affidavit in support of this motion, Marie Winburn, John Winburn and Eva Clayburgh, although denominated as respondents, filed briefs in this court arguing for reversal. They did not acquiesce in the decisions of the Surrogate and the Appellate Division. All had appeared as parties in the proceeding in the Surrogate's Court, and, pursuant to section 289 of the Surrogate's Court Act, must be deemed parties to the appeal and, within the meaning of section 193, subdivision 1, of the Civil Practice Act, parties before this court. Section 584 of the Civil Practice Act, as amended by Laws of 1926, chapter 215, provides: " Judgment or order on appeal. Upon an appeal from a judgment or an order, *any* appellate court to which the appeal is taken, which is authorized to review such judgment or order, may reverse or affirm, wholly or in part, or may modify, the judgment or order appealed from, and each interlocutory judgment or intermediate or other order which it is authorized to review, and

*as to any or all of the parties.* It shall thereupon render judgment of affirmance, judgment of reversal and final judgment *upon the right of any or all of the parties,* or judgment of modification thereon, according to law, except where it may be necessary or proper to grant a new trial or hearing, when it may grant a new trial or hearing." This amendment took effect two years subsequent to the decision in the *Horner* case and confers upon this court the same power formerly residing only in the Appellate Division and Appellate Term. It appears that all these parties to the proceeding in the Surrogate's Court are parties to the appeal and parties before this court and that it was our duty to render judgment upon their rights as we have rendered it. The motions to amend the remittitur should, therefore, be denied.

The attorneys for some of the parties who were successful in this court make a cross-motion to amend the remittitur, but this motion is made only in the event that the other motion is granted. This cross-motion should, therefore, be denied.

The motions to amend the remittitur should be denied.

CRANE, Ch. J., LEHMAN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Motions denied.