DOROTHY WEIMAN, Appellant, v. MAX O. WEIMAN, Respondent.

Submitted October 11, 1945; decided January 25, 1946.

*Abraham Engelman* and *Harold A. Taft* for appellant. The Court of Appeals has jurisdiction to pass upon the question whether or not an appellate division, as a matter of law, can substitute its opinion on the facts for that of a trial court which has already made a finding. Subdivision 3 of section 588 of the Civil Practice Act, as enacted in 1942, specifically gives this court jurisdiction to determine whether or not " the appellate division erred as a matter of law in granting a new trial or hearing".

*M. H. Miller* for respondent. The only question for the Court of Appeals to decide is whether there is any evidence to sustain the decision of the Appellate Division, and not whether there is evidence to sustain the decision of the trial court, as appellant contends. (*Curcio* v. *City of New York,* 275 N. Y. 20; *Weaver* v. *Pacific Improvement Co.,* 234 N. Y. 418; *World Exchange Bank* v. *Commercial Cas. Ins. Co.,* 255 N. Y. 1.)

LEWIS, J. Upon this appeal in a matrimonial action a decisive question first to be considered is the efficacy of a stipulation for judgment absolute to give us jurisdiction.

In his answer to his wife's complaint for a separation the defendant interposed a counterclaim for the annulment of the marriage on the ground of plaintiff's fraud. In substance the defendant alleged that for the purpose of inducing him to consent to marriage the plaintiff falsely and fraudulently represented that certain permanent injuries from which she suffered had been sustained in an automobile accident when in fact such injuries had been incurred while she was suffering from insanity which caused her to attempt suicide by jumping from a window; that as a result of such attempted suicide plaintiff was committed to an institution maintained by the State for the custody and treatment of the insane and was confined there for a period of eighteen months; that in November, 1942, after his marriage to the plaintiff, the defendant first discovered that such representations were false when the plaintiff was about to be admitted to Hillside Hospital for treatment of a recurrence of her insanity. By her reply the plaintiff denied the defendant's allegations of fraud and alleged condonation by the defendant after he had knowledge of facts pleaded in the counterclaim. At Special Term — where the only issues tried were

those tendered by the defendant's counterclaim and plaintiff's reply thereto — the defendant's counterclaim was dismissed upon the ground that by his voluntary cohabitation with the plaintiff " after he had knowledge of the facts " the defendant had waived any fraud practiced by her upon him. A judgment to that effect was thereafter reversed at the Appellate Division on the law and the facts and a new trial was granted on the ground that the finding by the Justice at Special Term of condonation by the defendant was against the weight of evidence.

Our problem arises from the fact that the plaintiff — without exercising the right to a new trial thus granted to her but assuming to exercise the right accorded by the Constitution of this State (art. VI, § 7, subd. [3]) and by Civil Practice Act, section 588, subdivision 3 — has served and filed a notice of appeal to this court accompanied by a stipulation that in the event the order of the Appellate Division, reversing the judgment of Special Term and granting a new trial of the defendant's counterclaim, is affirmed by this court, judgment absolute shall be rendered against her and in favor of the defendant on his counterclaim.

A judgment entered upon a stipulation for judgment absolute is " * * * founded upon the agreement of the parties that a certain result should follow the decision of this court upon the questions of law presented to it by the record in court." (*Roberts* v. *Baumgarten,* 126 N. Y. 336, 341.) It is " * * * in effect a stipulation for judgment by consent in case of affirmance ". (*Christensen* v. *Morse Dry Dock & Repair Co.,* 243 N. Y. 587; *Canfield* v. *Harris & Co.,* 252 N. Y. 502, 505.) Where, as in this case, the reversal is upon the facts as well as the law, any evidence which supports the determination of the Appellate Division would require an affirmance by this court. (*Curcio* v. *City of New York,* 275 N. Y. 20, 21–22.)

If in the present case we should entertain the plaintiff's appeal and, in the event the order of the Appellate Division should be affirmed, the anomalous result thus brought about by the plaintiff's stipulation for judgment absolute would be an annulment of her marriage to the defendant based upon a record which, as it comes to us, contains no findings which sustain the defendant's charge of fraudulent representation by the plaintiff. Such a result would amount to the termination by consent of the

marital status between the parties without a finding of the fraudulent representations asserted by the defendant as a basis for the annulment, or a full consideration of the evidence in support thereof. It would be opposed to a strong public policy which favors the continuity of marriage and which finds expression in statutes and in case law. " The parties by themselves [are] without power permanently to fix or to alter their marital status or the scope of the obligations arising from the marriage relationship by consent, stipulation or their own conduct (*Stevens* v. *Stevens,* 273 N. Y. 157, 159; *Goldman* v. *Goldman,* 282 N. Y. 296, 299)." (*Querze* v. *Querze,* 290 N. Y. 13, 18, and see Domestic Relations Law, § 51; Civ. Prac. Act, §§ 1143, 1150; Rules Civ. Prac., rule 283; *Fearon* v. *Treanor,* 272 N. Y. 268, 271–273.)

Our conclusion is that a result so opposed to public policy was never intended by the framers of the Constitution or by the Legislature to apply to actions for divorce or for the annulment of a marriage. (*Friedman* v. *Friedman,* 240 N. Y. 608, 609–610; and see *People ex rel. Judson* v. *Thacher,* 55 N. Y. 525, 536–537; *Matter of Decker* v. *Story,* 259 N. Y. 580.)

The appeal should be dismissed, without costs.

LOUGHRAN, Ch. J., CONWAY, DESMOND, THACHER, DYE and MEDALIE, JJ., concur.

Appeal dismissed.