In the Matter of the Probate of the Will of ALICE E. PHILLIPS, Deceased.

Surrogate's Court, Monroe County, November 22, 1950.

*Charles B. Bechtold* for Charles B. O'Connell, as nominated executor of Alice E. Phillips, deceased, proponent.

*Edward J. Ryan* for Elizabeth McB. Weingarth, contestant.

*Timothy J. Nichan* and *David R. Levin* for Lena Hatcliffe and others, contestants.

WITMER, S. Proponent has moved for a decree of probate of the will of Alice E. Phillips, deceased, upon the remittitur from the Court of Appeals, and respondent Lena Hatcliffe objects and claims a right to a new trial. Upon the trial by jury of the objections to the probate of the propounded will, at the end of contestants' case the court dismissed the objections as to due execution and competency of testatrix, and later submitted to

the jury the question of undue influence. The jury having found that the will was procured through undue influence, probate thereof was denied. (*Matter of Phillips,* 193 Misc. 1046.) Proponent appealed from the decree denying probate, and respondents appealed from the court's dismissal of the objections as to due execution and testamentary capacity of testatrix. The Appellate Division (276 App. Div. 821) affirmed this court's acts in dismissing the last-mentioned objections, but reversed the verdict and directed a new trial on the issue of undue influence.

Two of the respondents, to wit, Elizabeth McBride Weingarth and Lena Hatcliffe, appealed separately from such decision to the Court of Appeals, the former stipulating judgment absolute under subdivision 3 of section 588 of the Civil Practice Act, enacted under subdivision 3 of section 7 of article 6, as amended, of the Constitution of the State of New York, but the latter made no stipulation, apparently claiming an absolute right of appeal. David R. Levin, Esq. served as counsel for all contestants upon the trial of the contest. All contestants acted upon his advice in determining that some would not appeal to the Court of Appeals, that one would claim an absolute right of appeal to that court, and that one would stipulate judgment absolute in the Court of Appeals. Mr. Levin argued the case in the Court of Appeals for both appellants to that court. When the appeal came on for argument in the Court of Appeals in the spring of this year that court suggested to Mr. Levin that he was on dangerous ground, and adjourned the argument until fall for him to consider further his procedure. This fall the case was argued on the same status as had existed before, and the Court of Appeals on October 12, 1950, affirmed the decision of the Appellate Division, directed " order absolute " upon the stipulation " with costs in all courts ", and dismissed the appeal of Lena Hatcliffe with costs (301 N. Y. 696.)

The dismissal of the appeal of Lena Hatcliffe presumbably was on the ground that she had no right to appeal without stipulating judgment absolute. She therefore stands in the same position as the respondents who did not appeal.

Respondent Lena Hatcliffe, through her counsel, David R. Levin, argues that the remittitur from the Court of Appeals does not require judgment absolute even as against respondent Elizabeth McBride Weingarth, on the ground that a stipulation of judgment absolute is inappropriate in a proceeding in Surrogate's Court, and he cites *Matter of Schoenewerg* (277 N. Y. 424, 427), as authority for such proposition. It seems to this court, however, that it is not in a position to review the acts of

the Court of Appeals. The author of the opinion in the *Schoene-werg* case is the Chief Judge of the court which has sent the present remittitur to this court. That court has shown that where it deems stipulation for judgment absolute to be against public policy or otherwise inappropriate it will decline to hear the appeal thereon (*Weiman* v. *Weiman,* 295 N. Y. 150); and likewise, where the stipulation is qualified in any manner. (*Christensen* v. *Morse Dry Dock & Repair Co.,* 243 N. Y. 587.) Had the questions of due execution and testamentary capacity not been determined by this court or the Appellate Division, it is possible that under the *Schoenewerg* and *Weiman* cases the Court of Appeals might have declined to hear the appeal upon the stipulation. But in this case we need not speculate. The court heard the appeal and granted " order absolute ". Apparently, it treated the stipulation as an irrevocable offer to withdraw the objection of undue influence if the court found adversely to this respondent (appellant there) as a matter of law. (*Weiman* v. *Weiman, supra; Bossout* v. *Rome, Watertown & Ogdensburg R. R. Co.,* 131 N. Y. 37, 40; *Roberts* v. *Baumgarten,* 126 N. Y. 336, 341.) The court having affirmed the Appellate Division as a matter of law, no objection to the probate remains undisposed of, and proponent is entitled to a decree of probate upon the remittitur.

Respondent Lena Hatcliffe further contends that even if the remittitur requires rendition of judgment absolute against respondent Elizabeth McBride Weingarth, it cannot bind the remaining respondents who did not stipulate judgment absolute in the Court of Appeals. It is argued that if the remaining respondents are bound by such stipulation, it will result in injustice to them and deprive them of their constitutional rights. It is said that in such a case where many persons are joined in a lawsuit and have been granted a right to a new trial by decision of the Appellate Division, and all but one desire such new trial, believing that it would be foolhardy to go to the Court of Appeals upon a stipulation of judgment absolute, the one could destroy the right of a new trial against the wishes of the many. Be that as it may, two answers seem to this court decisive in this case.

First, as a matter of fact all parties to the contest were in accord on their cross appeals to the Appellate Division, and as to who should appeal to the Court of Appeals, and as to the particular manner of such appeals. They were in fact represented in the Court of Appeals by the same counsel. They were seeking both the benefit of the appeal and at the same time the

avoidance of harmful effects of an adverse decision thereon. In fact, they were all supporting the appeal made by Elizabeth McBride Weingarth upon her stipulation of judgment absolute. This is not, therefore, the hardship case of which counsel speaks. Moreover, to deny probate upon the remittitur and grant a new trial to contestants, or to all of them except Elizabeth McBride Weingarth, would be to nullify the effect of the stipulation and the decision of the Court of Appeals thereon. If upon such new trial contestants were successful, all distributees, or legatees named in a prior will which might later be probated, would be entitled to share in the estate (*Matter of Winburn,* 270 N. Y. 196), and it appears that in that case said Elizabeth McBride Weingarth, as such distributee and legatee under a prior will, would share in the estate. How could such result be reconciled with the Court of Appeals' decision of order absolute upon the stipulation of Elizabeth McBride Weingarth?

In the second place the issue or issues before the Court of Appeals, as in the lower courts herein, were common to all contestants. Under the statutes and decisions, whether or not all of them formally participated in the appeal to the Court of Appeals, they were parties thereto and are bound by the decision of that court. (Surrogate's Ct. Act, § 289; Civ. Prac. Act, § 193, subd. 1, and § 584, subd. 1; *Matter of Burk,* 298 N. Y. 450, 455; *Matter of Winburn,* 270 N. Y. 196, *supra; Croker* v. *Williamson,* 208 N. Y. 480, 484.) In *Croker* v. *Williamson* (*supra,* p. 484), the court said:

" It is clear both upon reason and authority that no such anomalous result could be tolerated as that of a judgment declaring a will invalid on general grounds as to part of the legatees and valid as to others." [Citation of authorities.]

" Thus it appears that in the face of an action involving the general validity of a will and of the probate thereof, the interests of legatees are so tied together that they cannot be separated and that a judgment rejecting or upholding the will as to one. legatee will similarly affect the others. Their interests under the will must stand or fall together, and it would seem to be pretty clear that they are, therefore, ' united.' "

It is to be observed, also, that the Appellate Division granted costs to abide the event, but the Court of Appeals granted " costs in all courts." Although not conclusive, such provision is strong evidence in support of this court's understanding of the effect of the decision of the Court of Appeals herein.

Submit decree of probate upon the remittitur.