Burke, J.
(dissenting). The original complaint alleges that Tishman Realty & Construction Co., Inc., conveyed the premises 1070 Park Avenue to 1070 Park Avenue Corp., pursuant to a *124 plan to convert it into a co-operative apartment house; and that the said plan was conceived and pursued in bad faith. As a result of an appeal upon stipulation for judgment absolute by four of the defendants, the litigation reached this court, and a judgment was ultimately entered upon the stipulation, declaring, among other things, that the plan was not entered into in good faith, that it was contrary to the laws of this State, and that 1070 Park Avenue Corp. is not a co-operative corporation.
After this judgment was entered and before the new trial which was ordered by the Appellate Division for the nonappealing defendants was had, the plaintiffs served a supplemental complaint which, among other things, alleged the entry of the prior judgment; alleged that the four defendants who had appealed to this court and stipulated for judgment absolute were stockholders of 1070 Park Avenue Corp. and holders of so-called proprietary leases, though' not in possession of the apartments allocated to the respective stock held by them, and that one of them was a director and treasurer of the 1070 Park Avenue Corp. It also alleged that combinations of all or some of the defendants directed and controlled the prior litigation and appeal, and that they had decided who would be the appellants in this court and give the stipulations, selected their counsel, and paid the costs and expenses therefor. The prayer for relief demands that the prior judgment be held to be binding on all of the remaining defendants.
A motion to dismiss the supplemental complaint for legal insufficiency was denied, and that determination has been affirmed by the Appellate Division.
In view of the ultimate allegations of fact contained in the supplemental complaint, which must be deemed true, we find no error in the rulings made below. To hold otherwise, is to declare that a complaint seeking relief herein requested can never state a cause of action, no matter how guileful and corrupt the concerted conduct alleged. Obviously such a proposition cannot be defended.
Doubtless, an appeal upon stipulation for judgment absolute, independently taken, by one of several defendants does not affect the right of a codefendant to a new trial (Civ. Prac. Act, § 588, subd. 3; Williams v. Western Union Tel. Co., 93 N. Y. 162). Nor would the result be altered if there was mere co-operation by one or more of the other defendants, such as *125 a loan to finance the appeal, once an independent determination to appeal had been made. But that is not the issue here. We are not dealing with an instance of informal co-operation in this case. The question before this court is whether a judgment entered absolute is binding upon defendants who refrained from joining in the appeal but who, though not jointly liable in the legal sense, have identical interests in the outcome of the litigation, and instigated, controlled and financed the appeal. Thus, we are not dealing with the question of whether or not a right to appeal upon stipulation for judgment absolute exists, but rather what are the consequences, if any, for an abuse of its exercise. That an appeal to this court upon stipulation for judgment is not an “ absolute right ” but is necessarily subject to and may be qualified by other considerations not mentioned in the statute is clear. This court so held before the Williams case (supra) (People ex rel. Judson v. Thacker, 55 N. Y. 525) and since (Friedman v. Friedman, 240 N. Y. 608; Matter of Becker v. Story, 259 N. Y. 580), and even after the Constitution was amended to incorporate substantially the same language as the statute (N. Y. Const., art. VI, § 7, subd. [3]; Weiman v. Weiman, 295 N. Y. 150). The Williams case (supra) did not decide otherwise. It merely held that one of several defendants could appeal to this court, upon stipulation, though the others did not. Implicit in that decision, however, was the assumption that the determination to appeal was independently made, and in good faith. The court pointed out that the appealing defendant was “ in effect the principal defendant ” and “ [substantial relief is claimed against the Western Union Telegraph Company, which is not claimed and could not be claimed against the other defendants.” (Williams v. Western Union Tel. Co., supra, p. 194.) That is not the case here. The corporate defendants in this action did not appeal. The rule enunciated in the Williams case (supra) was not intended to allow parties who have identical interests and are in reality joint adventurers to prosecute an appeal through nominees Avithout risking the consequences of such an appeal.
The enactment of the statute providing for appeals to this court upon stipulation for judgment absolute does not purport to except judgments so obtained from the rules pertaining to all judgments. Nor may this court imply such an exception in the absence of clear and explicit statutory language in that *126 direction (Jones v. City of Albany, 151 N. Y. 223, 228; People v. Palmer, 109 N. Y. 110, 118; 1 Kent’s Comm. [3d ed.], p. 463; Coke’s Second Institute, p. 200). The statute merely granted a procedural right, which had to he exercised within the substantive limitations fixed by decisional law relating to judgments. This court has unequivocally so stated: “ The general rules governing judgments apply to those taken * * * upon stipulation ” (Canfield v. Harris & Co., 252 N. Y. 502, 505). Under such circumstances to hold that decisional law, which not only antedates the statute (Castle v. Noyes, 14 N. Y. 329), but which has been consistently applied in this State (Matter of Phillips, 198 Misc. 879; People ex rel. McGoldrick v. Follette, 199 Misc. 492; Flynn v. Colonial Discount Co., 149 Misc. 607; Van Koughnet v. Dennie, 68 Hun 179) and recognized by this court (Fish v. Vanderlip, 218 N. Y. 29, 36-37) as well as generally (1 Freeman on Judgments [5th ed.], § 430; 2 Black on Judgments [2d ed.], § 539; Restatement, Judgments, §§ 83-85) is applicable to the judgment in this case, is not to put a “ gloss ” on the statute. Considered in this light, there is no taking away of a right granted by statute, but merely a reasonable restriction that it be exercised in good faith. The statute may not be construed as giving litigants with identical interests both a right of appeal and the privilege of a new trial. The procedure provided by this statute is an exception to the rule that appeals from nonfinal determinations shall be granted only upon permission (Civ. Prac. Act, § 589, subd. 3, par. [b]; Chase Watch Corp. v. Heins, 283 N. Y. 564; Matter of Schenfeld v. Lawlor, 307 N. Y. 916). Consistent with the firm policy against multiple appeals, the price exacted for this expedient method of resolving controversies which only present legal questions is that the judgment granted be final (Seventh Annual Report of N. Y. Judicial Council, 1941, p. 529). This is clear from the wording of the statute, and litigants who embark on a course calculated to circumvent this purpose are put on notice by the collusive nature of their conduct that it will not be countenanced by the courts.
Furthermore, it is a general rule of construction that where there are two possible interpretations of a statute, the court should not adopt a construction which would create inequality between persons substantially similarly situated, for it cannot *127 be presumed that the Legislature intended such unreasonable effects (Reed v. Bell & Co., 188 Misc. 914, 917; People ex rel. Beaman v. Feitner, 168 N. Y. 360). Yet that is exactly what the majority in this case hold that the Legislature intended. If an individual defendant desires to appeal from an order directing a new trial he must give a stipulation for judgment absolute and be bound by the judgment. However, if there are several defendants who desire a ruling of law from this court under similar circumstances, they may collusively obtain such a ruling by having a defendant, who will not be substantially harmed by the judgment, give the stipulation and prosecute the appeal. Thus in effect, the majority have ruled that the consequences of this procedure are only applicable to single defendants, because multiple, several defendants may frustrate its effect if they so choose, notwithstanding proof of the identity of their interests and proof of bad faith. It would seem clear that this statute was never intended by the Legislature to authorize litigants, under the circumstances here presented, to avail the services of this court for advisory opinions.
Under our view of the case, the parties who did not join in the appeal will have a trial. If it is established at that trial that they do not have identical interests and refrained from joining in the appeal in good faith, they may have a retrial on the original issues. If, on the other hand, it is proven that they were the real parties in interest in the ordinary lay meaning of the phrase, they are bound by the judgment. The question certified to this court should be answered in the affirmative.
Fuld, Froessel and Van Voorhis, JJ., concur with Desmond, J.; Burke, J., dissents in an opinion in which Conwat, Ch. J., concurs; Dye, J., taking no part.
Order of Appellate Division and orders of Special Term reversed, with costs in all courts, and matter remitted for further proceedings in accordance with the opinion herein. Question certified answered in the negative.