Desmond, J.
(dissenting). I dissent. The principle of res judicata is misapplied when it results without independent proof in holding that a marriage is dissolved or that a void divorce is valid or an illegal marriage legal. Estoppel by judgment is a rule of public policy but it is not the whole of our public policy and it must give way when it collides with a stronger and more fundamental policy (30 Am. Jur., Judgments, § 162). Much more basic than the need for finality in litigation is the State’s insistence that the marriage status is not to be altered by consent or default directly or indirectly (see de Baillet-Latour v. de Baillet-Latour, 301 N. Y. 428, 432, 433, 440, 441; Civ. Prac. Act, §§ 1143, 1150, 1174; Rules Civ. Prac., rules 281-283; Friedman v. Friedman, 240 N. Y. 608; Weiman v. Weiman, 295 N. Y. 150; Rodgers v. Rodgers, 304 N. Y. 591). The reason for this ancient rule is that marriage is a public institution in which the public is deeply interested and the State, regulating marriage for the benefit of the community, is a party to every divorce and annulment suit (Maynard v. Hill, 125 U. S. 190, 205; 2 Bishop on Marriage, Divorce and Separation, § 480).
*677 If tfie existence of a valid marriage between plaintiff and defendant had actually been tried out in the earlier separation suit, the demands of public policy would be satisfied and the resulting judgment would be safe from collateral attack. But there never has been a judicial investigation of that question. The wife’s failure in that separation action to deny that she was married to defendant produced automatically a formal finding without any supporting proof that the parties were husband and wife. To make that finding conclusive is to permit the impermissible (see 18 Carmody-Wait on New York Practice, p. 47). It forever bars defendant from showing that plaintiff defrauded her into a void marriage. Proper public policy will be enforced by ordering a trial of plaintiff’s allegations that defendant was still married to another woman when he went through a marriage ceremony with plaintiff. ■
The order appealed from should be affirmed and the certified question answered in the affirmative.
Conway, Ch. J., Dye, Fuld, Froessel and Van Voorhis, JJ., concur with Burke, J.; Desmond, J., dissents in an opinion.
Order reversed, etc.