Richard J. Cardamone, J.
The plaintiff seeks a declaratory judgment pursuant to CPLR 3001 adjudging the marriage between the plaintiff and defendant null and void.
The plaintiff (husband) and the defendant (wife) were married in Greenwich, Connecticut, on July 18,1958. The defendant had been previously married. Approximately one year prior to her marriage to the plaintiff, the defendant went to Alabama and obtained a divorce from her then husband on July 13, 1957. The plaintiff and defendant have both been residents of New York State for over 10 years. The basis of the plaintiff’s complaint is that his wife’s divorce in Alabama from her former husband was invalid because the courts of Alabama had no jurisdiction over her person.
New York State must give full faith and credit to the decree of divorce granted in Alabama (Williams v. North Carolina, 325 U. S. 226 [1944]; Johnson v. Muelberger, 340 U. S. 581 [1951] ). A collateral attack on that decree may only be permitted in this State if such is permitted in Alabama. (See Klarish v. Klarish, 19 A D 2d 170,172 [1st Dept., 1963], affd. 14 N Y 2d 662 [1964].) If it cannot be attacked in the rendering State for lack of jurisdiction, it cannot be attacked here. (Sherrer v. Sherrer, 334 U. S. 343 [1948].) It appears that such a collateral attack is permitted in Alabama. (Smith v. Smith, 247 Ala. 213 [1945].)
The record of the divorce proceeding in the State of Alabama reveals that the defendant herein, Mrs. Wasserman, stated to that court that she was a bona fide resident of Alabama. This is set forth not only in her complaint but also in her sworn deposition. Sections 27 and 29 of title 34 of the Code of Alabama, 1940 (eff. in July, 1957) required a plaintiff to be a bona fide resident citizen of Alabama for 12 months preceding the filing of the bill. Even if the 12-month requirement had no application to the plaintiff, she must still have been domiciled in Alabama, without regard to any specific period of time, so as to confer upon the court jurisdiction of the res. (Levy v. Levy, 256 Ala. 629 [1952].)
*579 It is well settled that the defendant and her former husband1 are estopped from relitigating the validity of the Alabama divorce. (Boxer v. Boxer, 7 A D 2d 1001 [2d Dept., 1959], affd. 7 N Y 2d 781 [1959]; Weiner v. Weiner, 13 A D 2d 937 [1st Dept., 1961].) Nevertheless, it appears to this court that the former husband, Daniel Brock, the defendant in the Alabama proceeding, should have been made a party here (Bard v. Bard, 16 A D 2d 801, 802 [2d Dept., 1962]). While the present interpretation of the law with regard to any obligation which Brock may have toward his former wife, defendant herein, indicates that such have been extinguished (Gaines v. Jacobsen, 308 N. Y. 218 [1954]; yet, as one court observed, answers to the problems posed in this area of thé law 1‘ are only sometimes set to rest by the latest advance sheets to the reports ”. (Denberg v. Frischman, 24 A D 2d 100, 104 [1st Dept., 1965].) Thus, any decree rendered here might well be the subject of a motion to reopen on Brock’s behalf at a later date.
Regardless of the joinder of the former husband, however, the plaintiff’s cause must fail. While the plaintiff is not estopped from attacking the validity of the Alabama divorce since he is a “ stranger ” to it (Williams v. North Carolina, supra, p. 230), he still has the heavy burden of setting aside the decree rendered by the court of a sister State (Williams v. North Carolina, supra, p. 234). In his attempt, the plaintiff’s principal proof before this court consisted of the testimony of the defendant, his own wife, who was the plaintiff in the Alabama divorce proceeding. Her sworn deposition as to residence furnished to the court in Alabama is at such complete variance with her sworn testimony in this court on the same subject as to make her a witness unworthy of belief. Such testimony, standing alone, is insufficient to meet the burden of proof imposed on the plaintiff. In any event, considering all the evidence before this court, it does not overcome the “ generous ” full faith and credit which must be accorded to the Alabama decree (Johnson v. Muelberger, supra, p. 584.)
It further appears that the defendant’s former husband was made a party to the Alabama proceeding. He appeared by executing a waiver and consenting to the jurisdiction of the Alabama court. Under those circumstances, no collateral attack for lack of jurisdiction should be permitted in this State against the Alabama decree (see Wilkov v. Wilkov, 13 A D 2d 471 [1st Dept., 1961]).
Finally, a contrary determination here would violate the strong public policy of this State which favors the continuity *580 of marriage. (Weiman v. Weiman, 295 N. Y. 150, 154 [1946]; see General Obligations Law, § 5-311.)
Under all of the circumstances, therefore, this court renders its judgment that the marriage between Isi-o F. Wasserman, plaintiff herein, and Freda Alice Wasserman, defendant herein, on July 18, 1958, is a valid and existing marriage.